KILLMAN, Assignee, Appellant, vs. GREGORY, Respondent.

*November 9 — November 26, 1895.*

(1, 2) *Voluntary assignment: Validity: Preferences: Secret purpose to force compromise.*   (3) *Pleading: Failure to reply: Waiver.*

1. A voluntary assignment preferred, in terms, the rents due upon the lands, tenements, and hereditaments "belonging to said party of the first part [the assignor], or in which he has any right or inter-

est now due or payable." The only rent due was upon a store of which the assignor had merely a lease for years. *Held*, that as such lease was a mere chattel there was in fact no preference of rent which would avoid the assignment.

2. The fact that an assignment was made with the secret purpose, on the part of the assignor, to force his creditors to compromise, does not render it void as a conveyance made with intent to hinder or delay creditors.

3. On appeal, after a trial on the merits, it is too late to object for the first time that there was no reply to a counterclaim.

APPEAL from a judgment of the circuit court for Marinette county: S. D. HASTINGS, JR., Circuit Judge. *Reversed.*

This was an action brought by the assignee of a stock of merchandise under a voluntary assignment to set aside and annul a chattel mortgage on the same stock, given to the defendant one week previous to the assignment, and in contemplation of insolvency. It was contended by the defendant that the assignment was void because it contained an unlawful preference, and because made with intent to hinder, delay, and defraud creditors.

The facts were that the assignor, L. L. Dickie, made the mortgage in question, and delivered it to the defendant, *Gregory*, September 26, 1893, to secure a debt then due of $2,472. On the 2d day of October following, he made a voluntary assignment for the benefit of his creditors of all of his property to the plaintiff, who duly qualified and took possession of the stock. By the granting clause of the assignment, there was conveyed to the assignee, among other things: "All and singular the lands, tenements, hereditaments, and appurtenances . . . belonging to the said party of the first part, or in which he has any right or interest now due or payable." The assignment provided that the assignee should first pay the expenses of the trust, also "the *rents*, taxes, and assessments now due, or to grow due, *upon the lands, tenements, and hereditaments aforesaid, until the same shall be sold* and disposed of." It then provided that out of

the residue the debts of the assignor should be paid *pro rata* and without preferences. It appeared that the assignor owned no real estate save a homestead which he occupied, and that he held a lease for years of a store in which he carried on his business, on which lease there was one month's rent, amounting to $31, due at the time of the assignment. It further appeared that the assignee had possession of the stock of goods, and had sold goods amounting to more than $4,000, which he had in hand.

After the trial the circuit judge found, in addition to the above facts, that the chattel mortgage to the defendant was executed by Dickie while insolvent, and in contemplation thereof, and that the defendant knew of such insolvency; that Dickie made the assignment for the purpose of attempting to force a compromise with his creditors and saving something for himself out of the assets. As conclusions of law he found that the assignment was void, and that the mortgage was a valid lien, and ordered judgment dismissing the complaint, and that the plaintiff pay defendant the amount of his mortgage, with costs. The plaintiff appealed.

For the appellant there was a brief by *Greene, Vroman & Fairchild*, and oral argument by *C. E. Vroman*.

For the respondent there were separate briefs by *Henry T. Scudder*, attorney, and *Ellis & Merrill*, of counsel, and oral argument by *E. H. Ellis*.

WINSLOW, J. The assignment was held void because it purported to prefer a month's rent of the store building in which the assignor's business was carried on. S. & B. Ann. Stats. sec. 1693a. If the assignment did not in fact prefer this rent, then it contained no illegal preference, because the assignor owed no other rent to any one, and the expenses of the trust and taxes are preferred by law. The rent which is in terms preferred is the rent due upon the "lands, tenements, and hereditaments aforesaid," which, by referring to

previous clauses of the assignment, are found to be the lands, tenements, and hereditaments "belonging to the said party of the first part, or in which he has any right or interest now due or payable." It appears affirmatively that the assignor had no real estate except his homestead, which was exempt and was not assigned. The lease for years of the store in which he did business was not land, nor was it a tenement or hereditament; it was a chattel. This is elementary law. There was therefore no rent due upon any land, tenement, or hereditament, or any interest therein, because no such things were assigned, nor did the assignor have any such things to assign; therefore, the direction to pay rent due upon lands, tenements, and hereditaments amounts to nothing. It is not an authority to pay the month's rent of the store, and hence is not a preference of one creditor over another.

It is argued that the fact, as found by the trial judge, that this assignment was made for the purpose of attempting to force the creditors to compromise, renders it void, as a conveyance made with intent to hinder or delay creditors. We cannot agree with this. The statute, in substance, declares that an assignment for the equal benefit of the assignor's creditors, if executed with certain formalities, shall be a legal and valid conveyance. It is difficult to see why a secret intent on the part of the assignor, to the effect that he will endeavor to persuade his creditors to compromise with him, should invalidate the conveyance. The creditor cannot be coerced. The property must be applied as the statute directs, without any regard to the secret intent. In fact the only effect of the secret intent is to cause the assignor to make an instrument providing for the equal distribution of his property among all his creditors,—a result which the law favors. *Case v. James,* 90 Wis. 320.

It is said that there was no reply to the defendant's counterclaim; but the case was tried on the merits without objec-

tion, and it is too late now to raise such a claim. *Bowman v. Van Kuren*, 29 Wis. 209.

*By the Court.*— Judgment reversed, and action remanded with directions to render judgment for the plaintiff in accordance with this opinion.