HARRY McCORMAL ET AL. V. STEPHEN A. REDDEN.

FILED JANUARY 21, 1896. No. 5958.

1. **Negotiable Instruments:** CONSIDERATION: PRINCIPAL AND SURETY. The maker of a promissory note died before its maturity, and gave by will to his two sons the major portion of his estate, both real and personal, subject to the payment of his debts. *Held*, The cancellation of the note, and the extension of time for payment of the indebtedness evidenced thereby, constituted a sufficient consideration for the execution and delivery by the sons of a note for the amount of such debt. The new note was a binding obligation upon them, and a party signing the first note as surety for the father and the second in the same capacity for the sons was entitled, upon being obliged to pay the same by their failure to meet it, to recover from the principal makers the sum paid, with legal interest.

2. ———: ACTION BY SURETY AGAINST PRINCIPAL: JUDGMENT FOR PLAINTIFF. The evidence examined, and *held* sufficient to sustain a verdict in favor of the plaintiff in the action.

3. **Instructions:** REVIEW: ASSIGNMENTS OF ERROR. "An assignment of error directed generally against a group of instructions is insufficient, and will be considered no further than to ascertain that any one of such instructions was properly given." (*Murphy v. Gould*, 40 Neb., 728.)

4. **Rulings on Evidence:** REVIEW. The objections to the admission of certain testimony considered and the ruling of the trial court thereon approved.

ERROR from the district court of Webster county. Tried below before BEALL, J.

The facts are stated in the opinion.

*James McNeny*, for plaintiffs in error:

The note sued upon was without consideration and void as to plaintiffs in error. A surety, in order to recover, must show that the principal at the time of payment was under legal obligation to pay. (*Kimble v. Cummins*, 3 Met. [Ky.], 327; *Davis v. Board of Commissioners of Stokes County*, 72 N. Car., 441; *Davis v. Board of Commissioners of Stokes County*, 74 N. Car., 374; *Pitt v. Purssord*, 8 M. & W. [Eng.], 538; *Hollinsbee v. Ritchey*, 49 Ind., 261; *Bancroft v. Abbott*, 3 Allen [Mass.], 524; *Noble v. Blount*, 77 Mo., 235.)

The court should have set aside the verdict as being against the weight of the evidence. (*Cummins v. Winters*, 19 Neb., 719.)

The last will and testament of Henry McCormal, deceased, was erroneously admitted in evidence. (*Brown v. Swineford*, 44 Wis., 292; *Webber v. Hanke*, 4 Mich., 198; *Marshall v. Haney*, 59 Am. Dec. [Md.], 92; *Cleveland Paper Co. v. Banks*, 15 Neb., 22.)

In any view of the case the plaintiff below was entitled to recover only the sum actually paid by him, with interest at seven per cent per annum from the date of payment, after giving defendants below credit with thirty-two dollars paid by them. The judgment exceeds the amount paid by

plaintiff below, and interest, and to the extent of the excess is not sustained by the evidence. (*Bell v. Ardis*, 38 Mich., 609; *Beardsley v. Horton*, 3 Mich., 565.)

*J. S. Gilham, contra.*

HARRISON, J.

The defendant in error instituted this action in the district court of Webster county to recover the amount of a promissory note which he alleged, in his petition filed in the cause, was executed by the plaintiffs in error as principal makers and he as their surety, and which he further stated the plaintiffs in error failed and refused to pay at its maturity, and he as surety then paid. He was successful in the district court in a trial to the judge and a jury, and the defeated parties have presented the case to this court for review of the proceedings therein.

It is urged on behalf of plaintiffs in error that the note was, as to them, without consideration and hence of no effect, also that the verdict was not sustained by the evidence. These two contentions we will notice together, as, from the nature of the case, as disclosed by the evidence, they are so closely connected that it seems proper to do so. It appears, as we gather the history of the transactions involved in the cause from the testimony introduced at the trial, that at some time (the exact date is not material to the issue) in the spring of 1888, Henry McCormal, father of plaintiffs in error, borrowed of the bank of Guide Rock, Nebraska, the sum of $325, as evidence of which he executed and delivered to the bank a promissory note, also signed by the defendant in error as surety. Before the maturity of this note Henry McCormal, the principal maker, died, and at the time the note became due demand was made of the defendant in error, the surety thereon, for its payment. Henry McCormal was, at the time of his death, the owner of a considerable estate, consisting of real and personal property, sub-

ject to some debts, which he by will devised and gave to his two sons, the plaintiffs in error, and which they received. The defendant in error, when the payment of the note signed by Henry McCormal and himself was demanded of him, went to the two sons, and, whatever the agreement or conversation between them at the time may have been, if any, they all of them, plaintiffs and defendant in error, subsequently signed the note in suit. The evidence was conflicting as to whether the three went to the bank together and signed the note while there, or went separately and signed. This is only material as it may be considered as bearing with more or less weight upon the question of the relation which existed between the signers of the note, whether defendant in error was surety or not. We are satisfied from a careful examination of the testimony that it will sustain findings that the plaintiffs in error realized, or knew at the time of the execution of the note in controversy, that the amount of the note given by their father and defendant in error to the bank was a valid claim against the estate of the deceased father, of which they were the recipients, and must be paid by them or deducted from the property, which would amount to the same. It was testified by defendant in error that when he asked one of the sons about arranging in regard to the note at the bank, the son said, "yes, they would have to pay it anyway in the end, and they would give their notes in its place;" that this was the reason which moved them to sign the note in suit; also that the three were at the bank together at the time they signed the note, and that the old note signed by the father and defendant in error was canceled and given to one of the sons at that time; that the new note was signed by defendant in error as surety, it being given to secure an extension of time for the payment of the indebtedness evidenced by the one which was canceled, the extension being to furnish time to plaintiffs in error to obtain a loan for which they were then negotiating, or in some manner raise

the money with which to pay the debt. These findings, being warranted by the testimony, coupled with admitted facts, and such as were fully proven, were sufficient to sustain the verdict, and disclosed sufficient consideration for the execution of the note.

It is argued that the trial court erred in giving instruction numbered 2 of the instructions given by the court on its own motion. The assignments in the motion for new trial and petition in error, in reference to the alleged error, were as follows: "The court erred in giving instructions numbered 1 and 2 on its own motion." It has been repeatedly held by this court that alleged errors in giving instructions should be separately assigned, or, if grouped, as in this case, and, by examination, any instruction of the group should be determined to be without error, the assignment would not be given further consideration. No. 1 of the instructions attacked by the assignment was entirely proper, and applying the rule above referred to, this contention will not be further noticed.

The last will and testament of Henry McCormal, deceased, father of plaintiffs in error, was offered and admitted in evidence over the objection of their counsel, and this is assigned for error. The instrument admitted disclosed that the greater portion of his property, both lands and personal property, subject to the payment of his debts, was given to these two sons, and was material as tending to show the interest plaintiffs in error would have in the payment of this note held by the bank, which would be a claim against the estate they were to receive, and be deducted from it, and thus tended to establish the consideration which moved them to sign the note in suit. Agreeably with this view of the will as evidence, there was no error in its admission. It is also claimed that counsel for defendant in error, during the argument of the case, made use of some expressions in reference to plaintiffs in error which were uncalled for, not warranted by the testimony, and prejudicial to the

rights of plaintiffs in error. Counsel for defendant in error, in the argument, if he is quoted correctly in the record, did use some language in the connection stated which probably might as well have been left unsaid, in so far as it may have been intended to bear upon any phase or issue of the case, but under the conclusion to which we have arrived as to the proper disposition of the rights of the parties in view of all the testimony adduced during the trial, the fact that this language was used by counsel was immaterial and in no degree prejudicial to the rights of plaintiffs in error.

The jury returned into court with a verdict, in which the amount allowed defendant in error was $347.50, "with ten per cent interest per annum, less $32 already paid by the defendant." This verdict was not accepted by the court, and the jury were directed to retire to the jury room and "bring in another verdict." These are the words used in the portion of the direction to the jury in relation to the verdict, as appears from the record. We presume the jury were told to reform the verdict by computing any interest to be allowed and add it to the principal, for this is what was done, as is apparent from the verdict which was delivered when the jury again came into the room, the amount assessed in favor of defendant in error, as then stated, being $456. The only error which we can discover in this portion of the proceedings is in the amount allowed the defendant in error. The jury did not deduct the payment of $32 and calculated the interest on the sum paid by the defendant in error at ten per cent per annum, instead of seven per cent, the proper per centum of interest. Treating the $32 paid after the time of payment of the note by defendant in error as a payment on the interest properly allowable, the defendant in error was given a verdict for the sum of $42.03 in excess of the amount to which he was entitled. Defendant in error will have leave to file a remittitur for the sum indicated, $42.03, within forty days, and if he does

so the judgment of the trial court will stand affirmed, and if not, reversed and remanded.

JUDGMENT ACCORDINGLY.