ROBERT F. KLOKE, ADMINISTRATOR, V. JENNIE B.
MARTIN.

FILED JUNE 23, 1898.   No. 8221.

1. Credibility of Witnesses: WEIGHT OF EVIDENCE. It is the peculiar
   function of the jury to determine the credibility of witnesses
   and the weight to be accorded to their testimony.

2. Parent and Child: SERVICES: REMUNERATION. Personal services
   rendered by a child to a parent are presumed, in the absence of
   special circumstances, to have been gratuitously rendered; but
   this presumption may be overcome by sufficient evidence tending
   to establish a contract for remuneration.

3. Married Woman: CONTRACT: SEPARATE ESTATE. The contract of
   a married woman, made with reference to, and upon the faith
   and credit of, her separate estate, is valid and enforceable.

4. Instructions: ASSIGNMENTS OF ERROR. An assignment of error in
   the motion for a new trial that "the court erred in refusing to
   give the first, fifth, sixth, eighth, and ninth instructions asked

for by said administrator" was properly overruled for the reason that at least one of such instructions did not contain an accurate statement of any legal proposition applicable to the case.

ERROR from the district court of Cuming county. Tried below before NORRIS, J. *Affirmed.*

*J. F. Losch* and *M. McLaughlin*, for plaintiff in error.

*T. M. Franse* and *Uriah Bruner, contra.*

SULLIVAN, J.

Margaret Conlin died testate in Cuming county and the defendant Robert F. Kloke was appointed administrator of her estate with the will annexed. The plaintiff Jennie B. Martin was a daughter of the deceased and filed against the estate a claim for personal services alleged to have been rendered in accordance with the terms of an express contract with her mother. The claim was disallowed in the county court and plaintiff appealed to the district court, where she obtained a verdict and judgment for the sum of $841.86.

The petition in error filed here is supported by a brief, in which a reversal of the judgment is claimed on the ground that it is unwarranted by the evidence and because the court refused to instruct the jury as defendant requested. The defendant produced no witnesses at the trial, and there is no conflict in the evidence; but it is insisted that the testimony given on behalf of the plaintiff is so inherently improbable as to be unworthy of credence. Upon that point men of fair intelligence and wholly impartial might not agree. It was the function of the jury, who saw the witnesses and observed their demeanor, to decide the question of credibility. They have done so, and we are not prepared to say that their decision was incorrect. That the services were rendered is not denied; and that they were rendered in pursuance of an express contract for payment out of the property of which Mrs. Conlin should die seized is shown by the

positive evidence of two witnesses who claim to have been present when the arrangement was made. There is also proof, which seems to be entirely free from suspicion, showing that Mrs. Conlin, a short time before her death, sent the plaintiff $100 as a partial payment of some indebtedness which she recognized as then existing. It is true, of course, that services rendered by a daughter to her mother are presumed, in the absence of special circumstances, to have been rendered gratuitously; but this presumption is not conclusive and may be overcome by sufficient evidence of a contract for remuneration. (*Dodson v. McAdams*, 96 N. Car. 149; *Poorman v. Kilgore*, 26 Pa. St. 365; *Weir v. Weir*, 3 B. Mon. [Ky.] 645.) And in this case the jury have found that the presumption is overborne by the proof.

A further argument advanced by the counsel for defendant on this branch of the case is that the contract in question being for necessaries was obligatory on the husband of Mrs. Conlin and of no force or effect as to her. The cases cited in support of this proposition are certainly not applicable here. By section 2, chapter 53, Compiled Statutes 1897, a married woman is authorized to enter into any contract with reference to her separate estate to the same extent and with like effect as a married man may in relation to his property. She may even become surety for her husband and bind her property for the payment of his debts. (*Godfrey v. Megahan*, 38 Neb. 748; *Grand Island Banking Co. v. Wright*, 53 Neb. 574; *Smith v. Spaulding*, 40 Neb. 339; *Briggs v. First Nat. Bank*, 41 Neb. 17.)

The complaint grounded on the refusal of the court to give certain instructions tendered by the defendant cannot be considered. The assignment in the motion for a new trial is as follows:

"6. The court erred in refusing to give the first, fifth, sixth, eighth, and ninth instructions asked by the said administrator."

The rule is thoroughly established that an assignment

directed generally against a group of instructions is insufficient and will be considered no further than to ascertain that the court's action as to one of such instructions was not erroneous. (*Pythian Life Ass'n v. Preston*, 47 Neb. 392; *McCormal v. Redden*, 46 Neb. 776.) One of the instructions included in the assignment was a peremptory direction to the jury to return a verdict for the defendant, and the refusal to give it was not error. The judgment of the district court is

AFFIRMED.