MISSOURI PACIFIC RAILWAY COMPANY V. EMMA D. PALMER.

FILED JUNE 23, 1898.   No. 8181.

55  559
59  411
f59  590

1. **Failure to File Reply:** TRIAL: REVIEW. Where, in the trial of a cause, both parties treat an affirmative defense as traversed, it will be so considered in this court although the plaintiff filed no reply either before or after judgment.

2. **Evidence:** SYMPATHY. Competent evidence bearing on the issues cannot be excluded from the jury because it may incidentally arouse their sympathies or influence their prejudices.

3. ——: VALUE OF SERVICES. One may testify to the value of his own services although his information in regard to the matter is chiefly derived from others adequately informed on the subject.

4. **Witnesses:** Conclusions. A non-expert witness may testify to a conclusion when, from the nature of the subject under investigation, it is not possible to lay before the jury all the facts from which such conclusion is drawn.

5. **Evidence Not Within Issues.** It is not error to exclude testimony concerning a matter upon which no issue has been raised by the pleadings.

6. **New Trial:** Assignment of Error: Form. The trial court is justified in overruling an assignment of error in the motion for a new trial unless it can be sustained in the form in which it is presented.

7. **Parent and Child:** Necessaries. A widow is the natural guardian of her minor child and as such is ordinarily liable for necessaries furnished it.

8. **Account Rendered:** Correctness: Presumptions. Where the relation of debtor and creditor exists, an account rendered and not objected to within a reasonable time is to be regarded as *prima facie* correct.

9. **Weight of Evidence:** Review. A judgment will not be reversed on account of a mere difference of opinion between this court and the trial judge or jury regarding the weight of evidence.

Error from the district court of Adams county. Tried below before Beall, J. *Affirmed.*

*B. P. Waggener, James W. Orr, W. P. McCreary,* and *C. S. Hutchinson,* for plaintiff in error.

*A. H. Bowen, contra.*

Sullivan, J.

The plaintiff brought this action in the county court of Adams county to recover for services rendered and expense incurred in nursing and caring for her infant child who had been injured by a passing locomotive on defendant's line of road where it crosses a highway near plaintiff's premises. From a judgment rendered against it in the county court the defendant appealed to the district court, where, on a trial to a jury, it was again unsuccessful. The testimony shows that the plaintiff was a widow; that on the morning of April 10, 1893, she left the child in question, then about two years and two

months old, in charge of its sister, who was eight years of age, and went to the barn to hitch up her horses, intending to remove a straw embankment from the house in which she lived; that she had no one to assist her, and while engaged in harnessing the team the child wandered away to the railway crossing, some twenty-eight rods distant, where it was injured. The child lay between the ties outside the rail and was struck on the head and its skull fractured. A surgical operation and six months' careful nursing were required to effect a cure.

The first ground on which defendant claims a reversal of the judgment is that the defense of contributory negligence was conclusively established, inasmuch as the allegations of the answer in relation thereto were not formally denied. No reply was filed, either before or after the trial, but the evidence was taken without objection and apparently on the assumption that the plaintiff's negligence was an issue of fact to be decided by the jury. According to a familiar rule of practice, under such circumstances, the reply is deemed waived. Both parties having treated the affirmative defense as traversed, we will so consider it. (*Western Horse & Cattle Ins. Co. v. Timm*, 23 Neb. 526; *Schuster v. Carson*, 28 Neb. 612; *Pokrok Zapadu Publishing Co. v. Zizkovsky*, 42 Neb. 64; *Killman v. Gregory*, 91 Wis. 478, 65 N. W. Rep. 53; *Warren v. Chandler*, 67 N. W. Rep. [Ia.] 242.)

The admission of the following testimony given by the plaintiff is assigned for error:

Q. Where is the father of that child?

A. He is dead.

Q. How long?

A. Four years.

Q. He died prior to the time of the accident?

A. Yes, sir. * * *

Q. What did you come out there to hitch up the team for?

A. I went out to hitch up the team to haul the em-

40

bankment away from the house for fear the house would catch on fire.  *  *  *

Q. What was the condition of it as to moisture?

A. It was dry.  *  *  *

Q. Are you able to employ, or were you at that time able to employ, people to assist you in working your farm or taking care of your children?

A. No, I was not.

This evidence was all relevant. Part of it went to establish plaintiff's right to maintain the action by showing that she was the natural guardian of the child, and the balance tended to disprove the imputation of contributory negligence. Competent evidence bearing on the issues cannot be excluded from the jury because it may incidentally arouse their sympathies or influence their prejudices.

It is also claimed that the court erred in permitting plaintiff to testify as to the value of her services while nursing and caring for her injured child. In this we think there was no error. One who has rendered services to another may give evidence of the value of such services, although it appears that the witness has qualified himself for that purpose by inquiring of others adequately informed on the subject. In *Printz v. People*, 42 Mich. 144, it was decided, in a prosecution for the larceny of a cloak, that the owner, who had worn it and had priced similar articles, might give evidence of its value. It was held in the case of *Spear v. Drainage Commissioners*, 113 Ill. 632, that witnesses not specially qualified might testify about the ordinary affairs of life and especially in respect to questions of value. And Earl, J., delivering the opinion of the court in *Mercer v. Vose*, 67 N. Y. 56, said: "I can conceive of no case where one has himself rendered a service to another when he will not be competent to give evidence of its value. Knowing the precise nature of the service rendered, he must have some knowledge of its value, and he is thus competent to give his opinion. It may not be worth much. Its weight, how-

ever, is for the jury." Mrs. Jackson, a witness technically qualified, also testified on the subject and fixed the value of plaintiff's service higher than she had herself fixed it. This evidence was not disputed; so, in any view of the matter, we do not see that defendant has a substantial grievance on account of the admission of Mrs. Palmer's testimony. While Mrs. Jackson was on the stand she was asked, "Could any professional nurse have rendered as good or better services for this child during the time you knew it, after this accident, than did her mother, the plaintiff in this case," to which question she answered, "I think not." It is insisted that the admission of this evidence over defendant's objection was error. We do not think it was. After reading the testimony of this witness we must assume that she was a woman of fair intelligence; that she was particular to observe the manner in which Mrs. Palmer cared for the child, and competent to judge whether her work in the particular instance was equal to that of a professional nurse the value of whose services she had undertaken to fix. This clearly was a proper case in which to receive the conclusion of the witness. From the nature of the subject under investigation it was not possible to lay before the jury all the facts from which the conclusion was drawn, and it was therefore proper to permit the witness to state the result of her observations.

Error is assigned on the refusal of the court to allow Dr. Chapman, a witness called by the plaintiff, to testify on cross-examination as to whether the child had received proper treatment at the hands of the attending physician. The action of the court in this regard was entirely proper. No such issue was raised by the pleadings and the matter was entirely beyond the scope of a legitimate cross-examination.

The giving and refusal of instructions is made the basis of a complaint which cannot be considered on the merits. In the motion for a new trial the fifth and sixth assignments of error are as follows:

"5th. The court erred in giving first, third, fourth, fifth, and sixth paragraphs of instructions asked by plaintiff and the modifications thereof made by the court.

"6th. The court erred in refusing to give the instructions marked 'A' and 'four,' 'eleven,' 'fifteen,' and 'seventeen' asked by the defendant."

Some of the instructions given were properly given, and at least one of the instructions refused was properly refused. Consequently neither assignment could be sustained in the form in which it was presented to the trial court for its action thereon. When errors relating to instructions are assigned *en masse*, either in the petition in error or motion for a new trial, it is the settled doctrine of this court that "a little leaven leaveneth the whole lump." (*Flower v. Nichols*, 55 Neb. 314; *McCormal v. Redden*, 46 Neb. 776; *Pythian Life Ass'n v. Preston*, 47 Neb. 374; *Kloke v. Martin*, 55 Neb. 554.)

Bills rendered to the plaintiff for medicines and medical attendance were received in evidence over defendant's objection; and it is now urged that the admission of these statements was error, because they were mere secondary evidence of matters contained in books of original entry. We think counsel mistake the purpose for which this evidence was offered and received. The plaintiff, as the mother and natural guardian of the child, was legally liable for the payment of all necessary expense reasonably incurred in effecting a cure. These bills being received and retained by her without objection, established, *prima facie*, her liability to pay them, and, in the absence of countervailing proof, was conclusive of the extent of her liability to the persons by whom the bills were rendered. In all cases where the relation of debtor and creditor exists an account rendered and not objected to within a reasonable time is to be regarded as, at least, *prima facie* correct. (*Hendrix v. Kirkpatrick*, 48 Neb. 670; *Wiggins v. Burkham*, 10 Wall. [U. S.] 129; *Sergeant v. Ewing*, 30 Pa. St. 75; *Pauly v. Pauly*, 107 Cal. 8.)

It is finally insisted that there was no sufficient proof of negligence on the part of defendant's servants and that the plaintiff's own fault proximately contributed to the accident. There was competent testimony tending to establish the alleged failure to give the statutory signal at the crossing, and there was, also, testimony from which it might be inferred that a proper lookout had not been maintained. The circumstances would scarcely justify an inference of contributory negligence. The whole matter was submitted to the jury on substantially conflicting evidence, and their verdict has the approval of the trial judge, who saw the witnesses and was in a better position to pass on their credibility than we are. A judgment will not be reversed on account of a mere difference of opinion between this court and the trial judge or jury regarding the weight of evidence. (*City of Harvard v. Crouch*, 47 Neb. 133.) The judgment is

AFFIRMED.

HARRISON, C. J.

I concur in the conclusion reached, but do not agree to some statements herein in regard to the admissibility of testimony.