Morehouse, Appellant, vs. Voight, Respondent.

*December 11, 1912—January 7, 1913.*

*Trial: Admissions in court: Evidence to the contrary: Appeal: Errors cured by instructions: Pleading: Amendment to conform to proof: Contracts: Work and labor: Evidence: Intention as to payment: Land contract: Possession: Parol evidence affecting writing.*

1. In an action for goods delivered and services rendered, the defendant, in opposing a motion for reference, stated in open court that he would not on the trial dispute certain items or the value thereof as claimed; but afterwards, on the trial, he testified without objection that he had not received some of such items and that others were not worth the amount charged therefor. On a motion to strike out this testimony the court stated that it would cover the matter in the charge, and thereafter instructed the jury that defendant was bound by his first statement and that it was a verity in the case that the items referred to were furnished and were of the value claimed. *Held*, that there was no error prejudicial to plaintiff.

2. Although no answer was interposed to a second cause of action stated in the complaint, yet the plaintiff's right to recover thereon having been litigated on the trial by both parties as if an issue had been joined, the case will be treated on appeal as though the answer had been amended accordingly.

3. The error, if any, in permitting defendant to testify that he had received the labor and materials for the value of which plaintiff sued without having any intention to pay therefor, became harmless when the court instructed the jury that the intention of defendant was wholly immaterial unless they also found that plaintiff did the work and furnished the materials without any intention on his part of making any charge or receiving any pay therefor.

4. Where plaintiff had made a contract in writing to sell a farm and certain personal property thereon to defendant, by the terms of which plaintiff had a right to retain possession until the deal was finally consummated, the testimony of defendant that after the contract was made the plaintiff told him that he might go upon the farm and look after the property and take possession of a part of it, was not incompetent on the ground that it tended to vary the terms of the writing.

Appeal from a judgment of the county court of Winnebago county: Fred Beglinger, Judge. *Affirmed.*

On June 21, 1911, the plaintiff and defendant entered into

a contract by the terms of which the plaintiff agreed to sell to the defendant a farm in Winnebago county and also certain described personal property located on such farm. In part payment for the aforesaid property the defendant agreed to convey to the plaintiff a house and lot which he owned in the city of Oshkosh. The contract provided that proper conveyances were to be executed within ten days and that the respective properties were to be delivered within sixty days after the conveyances were made. The necessary conveyances were executed and the terms of the contract complied with by both parties on June 29th, except that plaintiff represented in the contract that he had eighteen acres of oats planted, whereas he had only twelve, and also represented that he had twelve acres of corn planted, whereas he had but nine. When the deeds were delivered an allowance was made to the defendant on account of the shortage in oats.

Within a day or two after the contract was made the defendant moved out on the farm to look after the crops thereon, and he claims he did so by virtue of an agreement with the plaintiff that he might do so. Defendant further claimed that plaintiff turned over to him all of the personal property included in the sale, with the exception of eight cows. Until the papers were exchanged and full possession delivered, the plaintiff sold the milk from these cows to a creamery. During the interim between June 21st, when the contract was made, and June 29th, when the deeds and conveyances were delivered, the defendant used the horses and some other personal property on the farm which he agreed to purchase and which he actually did purchase. On or about July 13th plaintiff delivered possession of all of the property sold by him, as far as he could.

Shortly after the plaintiff removed from the farm he rendered a bill to the defendant for the following items, amounting in the aggregate to $47.50:

To 20 bushels oats, ground and whole............... $8 00
To use of disc harrow, seeder, and plow, 7 days at 50
   cents ....................................... , 3 50

| | |
|---|---|
| To care of two calves for 17 days........................ | $3 50 |
| To use of team 7 days at $2........................ | 14 00 |
| To feeding and care of horse and hogs, 4 days..... | 4 00 |
| To drayage from Oshkosh........................ | 2 00 |
| To 1½ days planting corn........................ | 3 00 |
| To lodging 4 nights........................ | 1 00 |
| To taking care of sick cow, medicine, etc.......... | 2 00 |
| To 750 pounds skim milk........................ | 1 50 |
| To caring for and feeding cat and dog, 21 days..... | 2 50 |
| To 1 bushel seed corn,........................ | 1 50 |
| To 20 quarts of milk at 5 cents........................ | 1 00 |
| | $47 50 |

The defendant refused to pay the same and this action was brought to recover the amount thereof.

As a second cause of action the plaintiff alleged that the defendant unlawfully took and converted to his own use one loading plank, one hayrack, and two saw-horses, of the value of $9.50, for which sum judgment was demanded.

For answer to the first cause of action defendant denied that the plaintiff had delivered the goods, wares, or merchandise or had rendered the services for which suit was brought, and further set forth that the parties mutually agreed that the defendant might go into possession of all the personal property which he had agreed to purchase from the plaintiff immediately after the contract of June 21st was entered into, and that pursuant to such agreement he did take possession of the property, and that he was in no manner liable to the plaintiff for the use of the same. No answer was interposed to the second cause of action. The defendant by way of a counter-claim alleged that the plaintiff had agreed to convey to the defendant twelve acres of "corn in crop;" that he had delivered but eight and one-tenth acres, in consequence of which breach of contract the defendant had suffered damages in the sum of $50.65.

On the trial testimony was offered by both parties relative to the second cause of action, the defendant denying and the plaintiff asserting conversion of the articles heretofore mentioned. Such evidence was offered without any objection. Before the trial the plaintiff moved for an order of reference,

which motion was denied for the reason, as recited in the order, that defendant's counsel stated in open court "that he will not dispute the specific items of plaintiff's first cause of action or the value thereof." The case was submitted to the jury on a general verdict. No allowance was made to the plaintiff on either cause of action and the defendant was awarded $12 on his counterclaim. From a judgment entered on this verdict the plaintiff appeals.

The cause was submitted for the appellant on the briefs of *B. E. Van Keuren,* and for the respondent on that of *Earl P. Finch.*

BARNES, J. As a stickler for principle, one Samuel Pickwick, Esq., "had nothing" on the parties to this action. The labor and materials covered by the first cause of action were rendered and furnished under such circumstances that a jury might well find that there was no expectation on the part of the plaintiff to receive pay therefor, and that the necessary facts did not exist to create an implied promise to pay. This part of the case was fairly submitted by the court to the jury and no particular complaint is made about the manner of submission. Fifteen errors are assigned and argued. In a trifling case like the one before us, involving but a few simple issues, it approaches the absurd to claim that the trial court committed such an array of prejudicial errors. It could hardly do so unless it was attempting to make or break a record. We shall discuss only such of the errors assigned as we think merit some consideration.

The plaintiff moved for a reference. In opposing such motion defendant's counsel stated in open court that he would not deny on the trial that the plaintiff furnished the items covered by the first cause of action or that they were of the value claimed. On the trial the defendant without objection offered proof to the effect that he had not received a number of the items charged for, and, as to others, that they were not

worth the amount charged therefor. The plaintiff then moved to strike this testimony out. The court stated that it would cover the matter in the charge, which it did by instructing the jury in effect that the defendant was bound by the statement referred to and that it must be taken as a verity that the articles charged for were furnished and were of the value claimed by the plaintiff. This was, in effect, a ruling favorable to the plaintiff on his motion, and we fail to see where he has any cause for complaint.

The complaint contained a second cause of action for the recovery of the value of the property alleged to have been wrongfully converted by the defendant, of the value of $9.50. No answer was interposed to this cause of action. The plaintiff offered evidence on the trial in support of the allegations of the complaint, and the defendant without objection offered evidence to the contrary. The issue was submitted to the jury and decided adversely to the plaintiff. The latter now insists that he was entitled to judgment on the pleadings for the amount claimed on this cause of action, and that it was error to submit any issue in reference thereto to the jury.

The right of the plaintiff to recover on this cause of action was litigated on the trial in the same manner and apparently to the same extent that it would have been litigated had issue been joined. Both parties acted on the assumption that an issue was raised in reference to the cause of action. It was apparently litigated on this theory. This being so, this court will treat the case as though the answer had been amended so as to put in issue the allegations of the complaint. Such has been the practice of this court for a long time. *Bowman v. Van Kuren,* 29 Wis. 209; *Killman v. Gregory,* 91 Wis. 478, 65 N. W. 53; *My Laundry Co. v. Schmeling,* 129 Wis. 597, 614, 109 N. W. 540.

The defendant was permitted, against objection, to testify that he received the labor and material charged for in the first cause of action without having any intention to pay therefor.

Morehouse v. Voight, 151 Wis. 580.

It is insisted that the court erred in receiving this testimony. The court instructed the jury that any intention the defendant might have had not to pay for the items charged was wholly immaterial, unless it also found that the plaintiff did the work and furnished the materials without any intention on his part of making any charge or receiving any pay therefor. If it be conceded that the testimony was objectionable, a point which we do not decide, the alleged error was rendered harmless by the instruction referred to.

The parties to the suit made their preliminary agreement in reference to the sale of real estate and personal property on June 21st. Under it plaintiff had the right to retain possession of the farm and the personal property until the deal was finally consummated. The defendant was permitted to testify that the plaintiff informed him after the contract was made that he might go upon the farm and look after the property he was about to purchase and take possession of all of it except the cows. The appellant insists that it was error to admit this evidence because it tended to vary the terms of the written contract. Of course it did nothing of the kind, and if it did the objection would not be well taken. The plaintiff might waive his rights under the contract, and, as an accommodation either to himself or to the defendant, permit the defendant to take possession of the property which he was about to purchase a few days before the trade was completed, and the defendant might show that fact, if it became material to do so, in a lawsuit subsequently arising between them. The plaintiff could not invite the defendant onto the farm and put him in possession of it and of various articles thereon and afterwards insist that he had no right to such possession.

While there are a number of other errors assigned, we deem it unnecessary to discuss them. We fail to find any error in the record that would warrant a reversal.

*By the Court.*—Judgment affirmed.