IN RE ESTATE OF EVA WIELAND.

BARBARA WIELAND, APPELLANT, v. ESTATE OF EVA WIELAND, APPELLEE.

FILED APRIL 17, 1920. No. 20840.

1. **Work and Labor: SERVICES OF CHILD.** When a child renders services for a parent after attaining majority, and while the family relation continues, the presumption is that such services were rendered gratuitously.

2. ———: ———. To overcome the presumption that services rendered by a child for a parent, after attaining majority and during the continuance of the family relation, were not rendered gratuitously, it must clearly and satisfactorily appear that the parent promised or agreed to pay therefor.

APPEAL from the district court for Clay county: RALPH D. BROWN, JUDGE. *Affirmed.*

*Ambrose C. Epperson* and *Tibbets, Morey, Fuller & Tibbets,* for appellant.

*John B. Scott, J. E. Ray, Charles H. Sloan, F. W. Sloan* and *J. J. Burke, contra.*

DEAN, J.

Plaintiff sought to recover on two claims filed against her deceased mother's estate. One claim, over which there was no controversy, was based on a promissory note executed by her mother, on which plaintiff recovered $1,621.57. The claim in dispute was for personal

services alleged to have been performed for her mother during a period of years immediately preceding her death. The trial was to the court. At the close of plaintiff's testimony, on motion of the administrator, the claim for services was disallowed on the ground that it was not supported by the evidence. Plaintiff appealed.

Aside from a few interruptions, plaintiff, who never married, was a member of her mother's family from childhood, and for many years after her majority, and as such she shared with her parent the privileges and the burdens that are incident to family life. To meet her personal expenses she had access to the common family fund, of which no account was kept. The note in question was renewed on two or more occasions, the last renewal being shortly before her mother's death. The interest as it matured was paid to plaintiff by her mother from time to time. Aside from the note and interest, it does not appear that her mother was at all indebted to her daughter; neither can it be implied from the evidence that there was a promise or agreement on the part of her mother that contemplated payment for services. If she ever entertained an intention to pay, or made a promise from which such intention could be inferred, it does not appear in the record. Had she intended that payment should be made out of her estate, it seems that she would have made this important fact known in some way to some of her friends or acquaintances. But nothing of the sort appears.

Plaintiff cites *Bell v. Rice*, 50 Neb. 547; but we do not think the citation is in point. In that case a claim was allowed against a decedent's estate for services rendered and expenses incurred by a stepdaughter in the care of a demented stepfather. Briefly the facts are these: Rice was a resident of Illinois, who became an imbecile about two years before he died. Certain persons in that state having his property and business in charge, a conservator never having been appointed, placed him in charge of the stepdaughter, who was married, and who

was a resident of this state. Pursuant to and solely upon their request he was brought to Nebraska by her and installed in her home, where he remained until his death, about three months thereafter. Until he died she furnished him with board, lodging, medicine, and medical attendance, and the care that a demented person requires. It plainly appears that the stepdaughter was in no sense a member of Rice's family, she having long since married and left the parental roof, nor was Rice a visitor at her home by her invitation. In that case the claimant prevailed on the ground that the services were rendered and the necessaries furnished under such circumstances as to overcome the presumption that they were gratuitously furnished, a presumption that ordinarily prevails where the relationship of the parties is clearly that of parent and child.

We do not think the facts before us come within the meaning of the *Bell* case. To overcome the presumption that services rendered by a child for a parent, during the continuance of the family relation, were not rendered gratuitously, it must clearly and satisfactorily appear that the parent promised or agreed to pay therefor. The judgment is right, and must be

AFFIRMED.

LETTON, J., not sitting.