ALMA ACTON, APPELLANT, V. ALFRED SCHOENAUER,
APPELLEE.

FILED APRIL 10, 1931. No. 27686.

*M. H. Leamy*, for appellant.

*Fred H. Free, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is an action on an implied contract for services rendered by the plaintiff in nursing and caring for defendant's wife. Plaintiff is the stepdaughter of the defendant. At the close of the plaintiff's testimony, the trial court directed the jury to return a verdict for defendant.

The defendant's wife was ill and, at a time when they thought she would not recover, the relatives sent for the plaintiff to come, because the mother wished to see her daughter. Plaintiff testified: "I went because it was my mother, with no arrangements made for pay." The mother recovered and testified at the trial: "I did not employ her as a nurse or as a housekeeper, but I told her to come, because I was so I could not wait on myself. I only had one hand and I could not hardly use it."

The evidence in this case clearly discloses that the defendant had no arrangement or agreement to pay the plaintiff and that she was not in his house at his request. He contends that, when a child renders services for the parent, the presumption is that it is gratuitous; and in

support of this contention he cites *Kloke v. Martin,* 55 Neb. 554. In that case the child was a member of the household. The plaintiff points out that she was not a member of the defendant's household for 26 years, and that this case comes within the rule of *Bell v. Rice,* 50 Neb. 547, and *In re Estate of Wieland,* 104 Neb. 412. In these cases it was said that the presumption that services rendered by the child are gratuitous is not conclusive and the child may recover if the evidence shows that they were rendered under such circumstances as to justify the inference of such a contract. An implied contract arises where the intention of the parties is not expressed but where the circumstances are such as to show a mutual intent to contract. Such is not the situation in this case. The evidence in this case considered in the most favorable light to the plaintiff, as it must be upon a motion to direct a verdict, conclusively establishes the fact, without any contradiction whatever, that there was a refusal to contract to pay for the services even on the part of the defendant's wife. It is the universal rule that there can be no implied contract where there is an express agreement between the parties relative to the same subject-matter. 13 C. J. 243. In the instant case the plaintiff's mother and the relatives with whom she corresponded refused to agree to even pay plaintiff's car fare from Dayton, Ohio, to Plainview, Nebraska. The defendent having refused to make any agreement with the plaintiff and no one having made an agreement for him, it must be assumed that the plaintiff came to take care of her mother of her own accord and because she wanted to do something for her mother. The plaintiff's mother thought this was the situation, and testified that she had in the past gone to plaintiff's home and nursed her without charge. The trial court did not err in refusing to submit the question of an implied contract to the jury, since the evidence would only support the finding that the plaintiff nursed her mother in accordance with an express agreement that she was not to be compensated.

However, the plaintiff contends that the defendant, as the husband, is liable for the necessary care furnished to his wife. The husband's liability in such a case is not based upon a contract, express or implied, but is an obligation imposed by law. The basis of this common-law obligation is the refusal or the neglect of the husband to supply the wife with suitable necessaries. In such a case she may bind him by contracting with third parties for such necessaries. The evidence in this case is such that this rule does not apply. The mother of the plaintiff and the wife of the defendant, when called as a witness for the plaintiff, testified: "We had medical attention, all we needed; I was going to say more than we needed; but if we had known the conditions of everything we could probably have done a little different, but I had medicine." The evidence also is that other relatives were taking care of the plaintiff's wife, and there was no evidence that the defendant refused or neglected to hire a nurse for his wife when necessary. The fact is that for a large part of the time during which the plaintiff was at the defendant's home he did employ a nurse. There could be no recovery from the defendant upon this theory.

We have carefully examined the entire record and there is no evidence to support a verdict for the plaintiff against the defendant upon any theory of the case presented. The judgment of the trial court is accordingly

AFFIRMED.