IN RE ESTATE OF JOHN BENSON.
HANNAH BENSON NELSON, APPELLANT, V. SANFRED BENSON, ADMINISTRATOR, APPELLEE.

FILED DECEMBER 31, 1934. No. 29077.

*Cloyd L. Stewart,* for appellant.

*D. B. Massie* and *August C. Krebs, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and DAY, JJ., and ELDRED, District Judge.

ROSE, J.

In a proceeding in the county court of Clay county to settle the estate of John Benson, deceased, his married daughter, Hannah Benson Nelson, presented for allowance two claims, one for $6,000 alleged to be due her as the remainder of a 16,000-dollar share of her father's estate and the other for $1,921.20 for car fare between

Omaha and Saronville and for services performed by her for her father in the capacity of a graduate nurse at $42 a week. The claims were contested by Sanfred Benson, a son of decedent and administrator of the estate. Upon notice and trial, the county court disallowed the claim for $6,000 and allowed the other claim to the extent of $593.60 only and rejected the remainder of it. Claimant appealed to the district court, where a jury was waived. At the close of claimant's evidence, the administrator moved for judgment in his favor on the ground that claimant did not make a *prima facie* case on either claim. The motion was sustained and the petition for the allowance of the claims was dismissed. Claimant appealed to the supreme court.

The decision below is assailed for assigned "error in sustaining a motion to dismiss plaintiff's suit upon her two claims." Claimant argues that she made a *prima facie* case for the allowance of her claims.

John Benson died intestate December 12, 1930, leaving surviving him his widow, five sons and four daughters. The oldest child was 63 years of age and the youngest, Hannah Benson Nelson, claimant, was 46. The home of decedent was in Saronville, Clay county. Claimant resided in Omaha. The petition of claimant states that her father, April 14, 1917, made gifts of land, money and other personal property to all his sons and daughters by orally agreeing to give, and by giving, to each $16,000; that all received that amount except claimant who received $10,000 only with the agreement and understanding that she would receive the remainder due her, or $6,000 upon her father's death; that if any property remained in his estate it would be divided in equal shares among all the heirs. In objections to this claim the administrator denied that his father or the latter's heirs ever agreed to pay claimant $6,000 in cash upon his death, and alleged that he had made gifts or settlements on the basis of $16,000 for each child; that claimant received $10,000 in cash and was to receive the home place at Saronville upon the death of her

parents. Claimant alleged that the oral promise for the gift of the remainder of the $16,000, or $6,000, upon the death of donor, was made April 14, 1917. The father, therefore, had from that date until the date of his death December 12, 1930, to make a will giving effect to the alleged gifts of cash, if made, or to execute in writing a contract evidencing it. He did neither. Assuming, without deciding, that such a gift or promise could be sustained in law, if proved, the evidence is found to be insufficient to sustain the necessary findings of fact to that effect. The preponderance of the evidence indicates that claimant's share, in addition to the $10,000 she received in cash, was the home in Saronville, including 17 acres of land, upon the death of her parents, and not $6,000 in cash. This item was therefore properly disallowed.

Was the claim for compensation of claimant as a nurse and for car fare erroneously disallowed? For two or three years her father at intervals had been in poor health. In caring for him some of his daughters took turns with claimant without compensation. Claimant was not called as a witness. Her husband was her principal witness. Generally, what he had learned about professional services performed by his wife for her father came from her and was largely hearsay. The evidence does not prove that the father of claimant entered into a contract to employ claimant as a nurse or that he promised to pay for her services as such or that any one else in authority did so. Though claimant cared for her father for a time in her home in Omaha and at his home in Saronville at different times, there is nothing to show that she ever asked him for compensation. Her husband did not have personal knowledge generally that his wife actually performed the services for which she claimed compensation. There was no account in writing admitted in evidence. If performance and acceptance of services could be held to imply a promise to pay for them, the evidence as to dates, time devoted to duties and services performed was too indefinite and uncertain to justify a

charge against the estate for any specific amount. The burden of proof was on claimant. She was required to make a *prima facie* case—one in which the adduced evidence, standing alone, warranted the finding of facts to be proved. 49 C. J. 1346. The proofs were insufficient. That part of the claim for car fare falls with the item for compensation. In these views of the evidence and the law, the district court properly dismissed the petition for the allowance of the claims.

AFFIRMED.