JUNE WREDE, APPELLANT, V. CITY OF DAVID CITY ET AL., APPELLEES.

288 N. W. 542

FILED NOVEMBER 24, 1939. No. 30753.

*Frank A. Dutton,* for appellant.

*William H. Carns, M. A. Shaw* and *Hall, Cline & Williams,* contra.

Heard before SIMMONS, C. J., EBERLY, PAINE; MESSMORE and JOHNSEN, JJ., and KROGER and ELLIS, District Judges.

KROGER, District Judge.

This is an action by June Wrede, hereafter referred to as plaintiff, against the city of David City, Nebraska, a municipal corporation, hereafter referred to as defendant, and the Employers' Liability Assurance Corporation, Limited, a corporation, to recover compensation for the death of her husband.

A hearing was had before a judge of the Nebraska workmen's compensation court and an award made. Plaintiff requested a rehearing before the full compensation court, and from an award on rehearing, defendants appealed to the district court for Butler county. From a judgment of the district court setting aside the award of the compensation court and dismissing plaintiff's petition, this appeal is prosecuted.

The record discloses that in November, 1937, the city of David City, in cooperation with the Works Progress Administration of the federal government, hereafter referred to as the W. P. A., was carrying on a project in said city consisting of spreading gravel on the streets of said city. The arrangement required the defendant to furnish the gravel and the trucks for transporting the same, the W. P. A. to furnish all labor for hauling and spreading the gravel on the streets. In addition, the W. P. A. furnished gas and oil for the trucks so employed. The defendant hired two trucks, one owned by Leo Brochtrup and the other by Dale Wrede, for an agreed compensation of two and one-quarter cents per ton mile. Neither truck was operated by the owner, but drivers were furnished by the W. P. A. from their list of certified workers, and Dean Wrede, a certified W. P. A. worker, and a brother of Dale Wrede, was assigned to drive the Wrede truck.

On the evening of November 18, 1937, Dean Wrede informed his brother Dale that it would be impossible for him to operate the truck the following day because of other

work he intended doing, and Dale thereupon informed him that "somebody had to drive it, he'd take it and drive it himself, it had to work—he wanted to be able to make some money, so he took it and went to work."

On the morning of November 19, 1937, Dale Wrede commenced hauling gravel with his truck and was observed so driving by the street commissioner of defendant city. He was also observed so driving by the foreman and time-keeper on the project, who was employed by the W. P. A. He continued driving until shortly after 2 p. m. of said day, at which time his truck collided with the other truck engaged on said project and Dale Wrede was instantly killed. He left surviving him his widow, June Wrede, the plaintiff herein, and three minor dependent children.

While a number of questions are discussed in the briefs and were argued orally, the disposition of this case depends entirely upon whether the record made on rehearing before the compensation court supported the finding of that court that the plaintiff's deceased husband was an employee of the defendant, city of David City, under an "expressed and implied contract of hire."

In support of her contention that there was an express contract of hire, the plaintiff relies upon a conversation she had over the telephone with the mayor of the defendant city on the evening of November 11, 1937. Her testimony as to that conversation is as follows: "He told me that they had changed pits; they were to haul gravel from a different pit. This pit was over by Bellwood, and that that also would be a higher rate, and for Dale to come to work, I should tell him, which I did. I told him I would tell him, and I told him that evening." The record further discloses that Dale Wrede did not go to work the next morning, which would be November 12, 1937, but that his brother Dean took the truck and hauled gravel with the same until the evening of November 18.

That the alleged conversation of the plaintiff with the mayor of the defendant city on the evening of November 11, 1937, was insufficient to constitute a contract of hire

can hardly be questioned. This is forcibly demonstrated by the conduct of the parties themselves. Dale Wrede did not so construe it. He did not take his truck and haul gravel with it the next morning, but on the contrary his truck was operated by a certified W. P. A. worker. The fact that this worker happened to be his brother did not alter the circumstances. Dale Wrede did not furnish the driver for the truck and the defendant city was not required, under the arrangement with the W. P. A., to furnish drivers for the truck. Dale Wrede's decision to drive the truck on November 19 was as a result of a conversation with his brother, not with an officer of the defendant city. The defendant knew nothing of the arrangement.

To support a claim that there was an express contract of hire, the evidence must show that there was an intention to contract and that there was a meeting of the minds between the parties as to the terms and conditions under which the employment was to be performed. *Vandenburg v. Center Township*, 124 Neb. 790, 248 N. W. 310. All of these elements are entirely lacking in the instant case, and the record is bare of any other evidence supporting the claim that there was an express contract of hire.

This leaves but one other alternative and that is that there was an implied contract of hire. The only evidence bearing on the question of an implied contract was contained in the testimony of Peter Buntgem and Walter Curtis. Peter Buntgem testified that he was the street commissioner of the defendant city, saw the deceased on the morning of November 19, 1937, operating his truck on the project, and that he did not object to Dale's driving the truck. His testimony was: "Q. And you, as street commissioner, permitted him to do that, did you? A. Well, I didn't have anything to say about it. Q. No one told you not to allow him to haul this gravel? A. I didn't have anything to do with that. That was up to the W. P. A. boss. Q. You didn't stop Dale Wrede from hauling gravel to the streets of David City? A. I didn't say anything to him—had no right to." Walter Curtis testified that he was fore-

man and timekeeper for the W. P. A. on the project in question on November 19, 1937, and he saw Dale Wrede driving his truck on said day after he had brought in the first load of gravel; that Dale Wrede was not a certified W. P. A. worker on this project. And he was asked this question: "Did you, as foreman of this Works Progress Administration project, permit Mr. Wrede to drive his truck in hauling this gravel on that day?" And his answer was: "I didn't have no authority to tell him to, or not to. It was his truck, and I figured—which he knew—he was not getting anything for it from W. P. A. or the city, so far as I knew."

This is the only evidence in the record bearing on the question of an implied contract of hire and, like the evidence of an express contract, it falls far short of establishing a situation where a contract of employment would be implied.

An implied contract may be said to result "where one performs for another, with the other's knowledge, a useful service of a character that is usually charged for, and the latter expresses no dissent or avails himself of the services, a promise to pay the reasonable value of the service is implied. * * * The service or other benefit must, however, not have been given as a gratuity, and the person benefited must have done something from which his promise to pay may be fairly inferred." 6 R. C. L. 587, sec. 6.

In this case the defendant city did nothing from which its promise to pay could be inferred. While the street commissioner did not object to Dale Wrede's driving his truck, it must be borne in mind that the city had not selected the drivers of the gravel trucks during any portion of the work; neither had it paid the wages of such drivers; neither did the city have anything to do with certifying W. P. A. workers. For all the city knew, Dale Wrede could have been a certified W. P. A. worker on November 19, 1937. Under those circumstances, it cannot be said that the city, failing to protest, accepted the services of Dale Wrede under circumstances which would imply a promise to pay for the same. The entire record discloses that Dale Wrede did

not operate his truck on November 19, 1937, with the expectation of being paid by the defendant city for his services, but that he operated the same so that he might be in position to receive the contract price for the use of the truck alone.

Plaintiff's last assignment of error has to do with procedure on appeal from the Nebraska workmen's compensation court sitting *en banc*. A motion was filed to dismiss the appeal for the reason that defendants and appellants had not filed a proper or sufficient transcribed copy of the testimony and evidence taken before the Nebraska workmen's compensation court because the purported transcribed copy had not been served upon the plaintiff and appellee or her attorney within the time provided by law. This motion was properly overruled for the reason that the transcribed copy of the testimony and evidence taken in the compensation court was certified by the stenographer who made the record and settled by the compensation court as provided by section 48-174, Comp. St. Supp. 1937, amendment of 1935 (Laws 1935, ch. 57, sec. 13), and said statute does not require service of such bill of exceptions upon the opposing party or her counsel before filing same in district court.

Finding no error in the record, the judgment appealed from is

AFFIRMED.