TOM ROTH, APPELLANT, v. GUS LIESKE, DIRECTOR OF THE DEPARTMENT OF ADMINISTRATIVE SERVICES OF THE STATE OF NEBRASKA, ET AL., APPELLEES.

201 N. W. 2d 846

Filed November 10, 1972. No. 38464.

Bauer & Galter and Richard Scott, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

Plaintiff, formerly a patrolman with the Nebraska

State Patrol, filed under the provisions of section 77-2407, R. R. S. 1943, after his employment had ended, a claim with the State of Nebraska for overtime pay. The claim was denied. Plaintiff appealed to the district court for Lancaster County which affirmed the denial.

Most of the pertinent facts are agreed to by stipulation. The only witness was Col. James E. Kruger, Superintendent of the Nebraska State Patrol. Plaintiff was employed by the patrol from June 13, 1966, to April 30, 1971. It is agreed that he was hired on the basis of a 50-hour work week and at a monthly salary which after September 1, 1969, was $645, and which was ultimately raised to $690; that except for periods barred by the pertinent statute of limitations, he worked hours over 50 per week which would, if he is entitled to recover and if he were compensated for the overtime at an hourly rate computed by dividing his monthly pay by the basic hours, entitle him to recover $2,142.53.

Col. Kruger testified that when patrolmen are hired they are advised they will be required and expected to work overtime whenever it is demanded, and that this information is given to all patrolmen as part of their indoctrination. He also testified it was common knowledge among the personnel of the state patrol that the patrol has, up to the time of trial, been unable to pay any overtime because there never had been an appropriation by the Legislature for that purpose. This has been true during the entire history of the patrol. The record does not disclose that the plaintiff at any time during his employment requested or demanded pay for overtime work, or gave any indication that he expected such payment.

The plaintiff relies upon a theory of implied contract to the effect that since the basic work week was 50 hours, he is entitled to pay for time over 50 hours per week at an hourly rate determined as previously mentioned. Plaintiff cites Wrede v. City of David City, 137 Neb. 194, 288 N. W. 542; 17 Am. Jur. 2d, Contracts, § 4;

p. 337; 17 C. J. S., Contracts, § 6, pp. 570 to 573; Umberger v. Sankey, 154 Neb. 881, 50 N. W. 2d 346. These authorities do not support the plaintiff's position. Here the evidence shows an express contract, namely, a hiring at a monthly salary for a basic work week of 50 hours, but with the understanding that additional hours would be worked when demanded. The evidence negatives any expectation by the plaintiff of additional pay for overtime or any intention on the part of the employer to pay overtime. It is the universal rule that there can be no implied contract where there is an express agreement between the parties relative to the same subject matter. Acton v. Schoenauer, 121 Neb. 62, 236 N. W. 140.

Plaintiff also relies upon a proviso in section 81-117, R. R. S. 1943. This section provides in part as follows: "No head of a department or employee therein employed at a fixed compensation, shall be paid for any extra services, unless expressly authorized by law; Provided, that when any employee is required to work more than forty hours in any week because of emergencies he may, in the discretion of the department head, be granted the equivalent time off in subsequent weeks when his duties will permit, or be paid a sum equivalent to his hourly pay or his monthly pay prorated on an hourly basis for such overtime hours." The parties disagree on the applicability and the interpretation of this statute, i.e., as to whether the department head has complete discretion as to the proviso, or whether this discretion extends only to granting compensatory time off or overtime pay. We note also that a question may exist as to whether the statute pertains only to "emergency" overtime, or time over 40 hours customarily rendered.

We believe the statute must be read in connection with sections 84-1001 to 84-1005, R. R. S. 1943, which provide that state officers and their deputies and assistants, and all heads of institutions and their deputies,

assistants, and employees, "shall render not less than forty hours of labor each week." Section 84-1004, R. R. S. 1943, provides: "The Governor shall have authority, after conferring with the employing officers concerned and with the employees, to make sections 84-1001 to 84-1005 effective to employments in any board, commission, department, or institution at any time on or after January 1, 1958."

It appears that section 81-117, R. R. S. 1943, is not applicable to the Nebraska State Patrol whose basic work week is 50 hours. Plaintiff himself claims compensation only for the hours in excess of 50 per week. Plaintiff's theory is not consistent with section 81-117, R. R. S. 1943.

The record does not disclose that the Governor has ever made Chapter 84, article 10, R. R. S. 1943, effective for the state patrol. We are therefore not called upon to consider the question of the interpretation of section 81-117, R. R. S. 1943.

We are advised the Legislature has now made appropriation for payment of overtime to state patrolmen effective July 1, 1972.

AFFIRMED.