IN RE ESTATE OF NAMEN BOUMA, DECEASED. BETSY NEHLS, APPELLANT, V. CHARLES GILES, PERSONAL REPRESENTATIVE OF THE ESTATE OF NAMEN BOUMA, DECEASED, RUTH A. EDMUNDS, EDWIN BOUMA, FRANCES OLSON, MYRTLE J. JONES, PAUL DIETZ, DELMER DIETZ, AND DEAN A. BOUMA, APPELLEES.

292 N. W. 2d 37

Filed May 6, 1980. No. 42818.

Carlos E. Schaper, for appellant.

Steven O. Stumpff of Stumpff & Washburn, for appellees.

Heard before KRIVOSHA, C. J., BRODKEY, WHITE, and HASTINGS, JJ., and CAPORALE, District Judge.

CAPORALE, District Judge.

Appellant, a daughter of the decedent, has appealed from the judgment of the District Court for Custer County, Nebraska, denying her claim for the value of the board and room, general care, and clothing furnished by her to her deceased father. We affirm the judgment of the District Court.

The essential facts are that the decedent lived with Betsy Nehls, appellant, and her husband and children for a little over 6 years, the period covered by the claim, immediately prior to his death. There is no question that, during this period of time, the appellant treated her father as a member of her family. She provided him with a home, and with food, clothing, and care. The appellant testified she had a conversation with her father, in the presence of her husband, in 1968 or 1969, to the general effect that her father wanted to live with her, that his other children had no use for him, and that he had some bonds which he wanted appellant to have. Appellant's husband generally corroborated this testimony. Appellant further testified that she and her father had another conversation, in 1971, wherein the decedent again said that appellant could have the bonds. Appellant did not know the exact amount of the bonds, but she understood the value to be around $10,000. She recognized that, if her father were required to be placed in a home, the bonds might be used and she would have nothing. One of appellant's brothers testified that a couple of years prior

to his death, decedent said he was trying to get back some of what he figured Betsy owed him.

The county court of Custer County allowed appellant's claim in the sum of $10,829. Certain of the decedent's other heirs appealed to the District Court pursuant to the provisions of Neb. Rev. Stat. § 30-1601 (Reissue 1975), which allows any person affected by an order in probate matters to do so. *Clutter v. Merrick*, 162 Neb. 825, 77 N.W.2d 572 (1956).

Although the cause was triable in the District Court as an action at law under the provisions of Neb. Rev. Stat. §§ 25-1104 and 30-1606 (Reissue 1975), the parties elected to try the matter to the court on the record made in the county court. The District Court found that appellant failed to sustain the requisite burden of proof and, consequently, reversed the action of the county court.

The judgment of a trial court in an action at law tried to the court without a jury has the effect of a jury verdict and should not be set aside on appeal unless clearly wrong. *Insurance Co. of North America v. Hawkins*, 197 Neb. 126, 246 N.W.2d 878 (1976).

The burden of proof is upon the claimant seeking compensation for services rendered during the life of the deceased person to prove an agreement, express or implied, to pay for the services. Personal services rendered by a child to a parent are presumed, in the absence of special circumstances, to have been rendered gratuitously. This presumption may be overcome by sufficient evidence tending to establish a contract for remuneration.

*In re Estate of Benson*, 128 Neb. 138, 258 N.W. 60 (1934), affirmed the District Court's dismissal of a daughter's claim for nursing services to her deceased father. The court found the testimony of claimant's husband to be insufficient to sustain the claimant's burden of proof, and sustained a motion to dismiss at the close of the claimant's evidence. Likewise, *In re Estate of Wieland*, 104 Neb. 412, 177

N.W. 651 (1920), held that no promise or agreement to pay could be implied from the fact that the daughter had rendered personal services to her mother for a period of years immediately preceding the mother's death.

On the other hand, testimony from one other than the claimant child and spouse may overcome the presumption. Thus, *In re Estate of Skade*, 135 Neb. 712, 283 N.W. 851 (1939), held that it was error for the court not to submit the question to a jury in view of the testimony of an independent witness that the deceased father had said he intended to pay the claimant. In the case of *In re Estate of Chalupa*, 134 Neb. 918, 280 N.W. 164 (1938), the existence of a memorandum entitled "Wage Scale for Amelia" and the testimony of disinterested witnesses as to conversations wherein the deceased mother had said that her daughter would be paid for her services required the trial court to submit the question to the jury. See, also, *Kloke v. Martin*, 55 Neb. 554, 76 N.W. 168 (1898), wherein the testimony of two independent witnesses was sufficient to overcome the presumption and to have the matter submitted to the jury for determination.

Under the circumstances of this case, the record supports the trial court's finding that the appellant failed to sustain her burden of proof.

AFFIRMED.