CATHERINE D. MARKHAM *vs.* THE TOWN OF MIDDLETOWN.

First Judicial District, Hartford, May Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

The Workmen's Compensation Act does not apply to a public officer injured in the performance of an official duty.

A tree warden appointed under § 2145 of the General Statutes is, while engaged in the supervisory duties prescribed by that statute, a public officer; but if, in addition to such duties, he also performs for pay the manual labor connected with the care of public trees with the consent and approval of the town officers, he is, while so engaged, an employee and is entitled to compensation for an injury arising out of and in the course of his employment.

Argued May 5th—decided June 2d, 1925.

APPEAL by the defendant from a finding and award of the Compensation Commissioner for the second dis-

trict in favor of the plaintiff, taken to the Superior
Court in Middlesex County and tried to the court,
*Marvin, J.;* appeal sustained and judgment rendered
for the defendant, from which the plaintiff appealed.
*Error; judgment to be entered confirming the award
of the Commissioner.*

*George E. Beers,* with whom was *Denis T. O'Brien,
Jr.,* for the appellant (plaintiff).

*Ernest A. Inglis,* for the appellee (defendant).

CURTIS, J. The plaintiff is the widow and depend-
ent of Walter R. Markham of Middletown, who was
killed in February, 1923, while doing manual work on
a public tree of the town of Middletown. Mr. Mark-
ham was then the duly appointed tree warden of the
town, under General Statutes, § 2145. His widow and
dependent seeks compensation from the town upon the
ground that when injured he was in the employ of the
town, and that his injury arose out of and in the course
of his employment. The town claims that he was
killed in performing his duty as a tree warden, and
that as a public official injured in the performance of
an official duty was not entitled to compensation.
*Sibley* v. *State,* 89 Conn. 682, 96 Atl. 161; *McDonald* v.
*New Haven,* 94 Conn. 403, 109 Atl. 176.

The case, therefore, turns upon the question whether
Mr. Markham, while sawing off a limb of a public tree
on the day of his injury, was doing that manual work
in the performance of his duty as a public officer, or
was doing the manual work as an employee of the
town. As a public official his duties are prescribed as
follows, in § 2145: "He shall have the care and control
of all public shade trees in the town, except those in
public parks and open places under the jurisdiction of

park commissioners, and of these he shall take the care and control if so requested in writing by the park commissioners. He shall expend all funds appropriated for the setting out and maintenance of such trees." Section 2145 also prescribes that "the tree warden and his deputies shall receive such compensation for their services as the town may determine, and, in default of such determination, as the selectmen may prescribe." These provisions clearly relate to his compensation as a public official. Neither the town nor its selectmen had made any provision for such compensation.

It appears from the statutes (§§ 2145 and 2146) that the official duties of a tree warden are of a supervisory nature, including the employment of persons to do manual labor in relation to public trees. The duties of this office are now the same, in substance, as when the office was created by Chapter 174 of the Public Acts of 1901. Mr. Markham was engaged in the private business known as tree surgery, and the finding discloses that, in addition to his supervisory duties as tree warden, he, with the consent and approval of the selectmen, did necessary manual work upon public trees for which he was paid by the town.

The finding discloses that when injured he was not engaged in his supervisory work as tree warden, but engaged in manual labor in removing limbs from a public tree broken by an ice storm. He was authorized to procure this manual work to be done at the expense of the town, and it was not a part of his official duty to do the manual work. It was immaterial that he procured this manual work to be done by his own services instead of by the services of another, the selectmen having sanctioned such procedure.

The provision of § 2145, that the tree warden shall have the "care" of public shade trees, does not mean

that it shall be his official duty to do all manual labor upon them that may reasonably be required.

Therefore, when injured, Mr. Markham was in the employ of the town, and his injury arose out of his employment.

There is error, and the case is remanded with direction to enter judgment confirming the award of the Commissioner.

In this opinion the other judges concurred.