ARNOLD VANDENBURG, APPELLANT, V. CENTER TOWNSHIP, BUTLER COUNTY, APPELLEE.

FILED JULY 12, 1932. No. 28305.

*Coufal & Shaw*, for appellant.

*A. V. Thomas* and *Thomas & Vail, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY and DAY, JJ., and DICKSON and TEWELL, District Judges.

DICKSON, District Judge.

The appellant seeks to recover compensation from Center township, Butler county, this state, on account of injuries sustained by him while engaged in blasting out stumps on a public highway in said township preparatory to the grading thereof by the township. He bases his right of recovery from the township on the ground that when he was injured he was an employee of the township. If his contention in that regard be resolved in his favor, then his right of recovery is clear.

From the record it appears, without dispute, that the appellant when injured was, and had been for some fifteen years, a justice of the peace in the township; that during these years he attended and presided at every annual meeting of the electors, except one, and attended and presided at town board meetings, recognizing and performing all the duties of a member of the town board. The other members of the board were Zegers, the clerk, and Semen, the treasurer. Semen had been a member of the board for many years. Zegers succeeded Rerucha as clerk in 1929.

From the record it appears that in 1927 the supervision of the township roads was divided among the members of the township board. Treasurer Semen was given the east half of the township, the then clerk, Rerucha, the west half of the township, and the appellant the road dragging. This division of supervision seems to have been in keeping with a resolution of the board passed in January, 1927, which reads: "Moved by Rerucha, second by Semen, that we have the same road supervision the coming year as we had last year; Fred Semen to supervise the east half, Rerucha to supervise the west half of Center township, and Vandenburg to supervise the dragging." A similar resolution was passed in 1928, and in 1929, except that in 1929 the west half was given to Zegers who succeeded Rerucha as township clerk.

On the matter of road supervision in 1930, the record is silent. But the evidence is quite clear that the arrange-

ment for supervision of the township work for the previous years was continued, and proceeded in a manner similar to the previous years, that is, Semen had charge of the east half, Zegers the west half, and appellant the road dragging and dynamiting. The appellant assisted the other members of the board, and they assisted him, not only in road work, but in dynamiting trees and stumps.

From time to time the other members of the board and appellant filed bills for their work, which included charges by each and all of them for dynamiting, which were allowed and ordered paid by the township board.

It was the duty of the township board by law to supervise the road building of the township. This supervision included all things incidentally necessary to prepare the highway for grading, such as surveying and removing objects from the highway, and the many things necessary for the construction of the road. The town board had the right to contract for such labor as was necessary, and to that end could have entered into all necessary contracts.

Was the appellant an employee of the township? Our statute, section 48-115, Comp. St. 1929, defines an *employee* to be: "Every person in the service of the state or of any governmental agency created by it, under any appointment or contract of hire, express or implied, oral or written, but, shall not include any official of the state, or any governmental agency created by it, who shall have been elected or appointed for regular term of office, or to complete the unexpired portion of any regular term." It will be noted that this section excludes any person who shall have been elected or appointed for a regular term of office, or any official of the state or any governmental agency created by it.

A township in a county under township organization is a governmental agency created by the state, within the meaning of our workmen's compensation act.

Appellant contends that he was not an official of the town board. To this contention we cannot agree. It is provided by section 26-221, Comp. St. 1929: "The town clerk, the town treasurer and the justice of the peace who shall have received the largest number of votes for that office shall be and constitute the town board." By law, his election as justice of the peace of that township imposed upon him additional duties which the evidence conclusively shows that he performed. He, by law, upon election and qualification, became a member of the township board during his term of office as justice of the peace. His election was for a fixed, definite and regular term, and the law made him a member of the township board during his term of office as justice of the peace. Any other construction would do violence to a clear legislative enactment. Upon his election and qualification he became charged with all the duties and responsibilities of a township board member. His duties and responsibilities followed his election and qualification to the same extent as the other members of the township board.

That the appellant, as well as the other members of the board, rendered and received pay for work performed for the township is clearly established by the evidence, but whether by virtue of, or on account of, their office or as an employee of the township requires a careful consideration of all the evidence. The writer has read and reread the evidence, as contained in the bill of exceptions, and has reached the conclusion that the appellant, as well as the other officers, performed services for the township by virtue of his office, and not as an employee, and that the relation of employer and employee was not contemplated and did not, in fact, exist.

Under the law, it was the duty of the township board to supervise the road construction in the township. By resolutions in 1927, 1928, and 1929, this duty of supervision was, by the members, recognized and the supervision divided for these years. But in 1930 there was placed upon appellant the added responsibility of super-

vising the blasting, with the assistance of the other members of the board.

In 1930, under this arrangement, the appellant assisted, and was assisted, and alone engaged in blasting trees and stumps. The other members did likewise, and all filed bills therefor, as well as for other services rendered the township, and were paid therefor. In short, they, the township officers, agreed among themselves that one was to supervise the east half, one the west half, and appellant was to supervise the blasting and dragging, with the assistance of the others. And, from the bills presented by each of them, this arrangement seems to have been faithfully carried out. One was as much an employee of the township as the other, and no more. Each, from the record, thought that in the work done he was performing an official duty imposed, or self-imposed, upon him; in other words, that the supervisory powers gave them the right to do it themselves and charge therefor. Such an arrangement or agreement falls far short of creating the relation of employer and employee. Appellant, being an officer of the town, did not change his character because he did some act not required by his office.

Appellant contends that he is not excluded from the benefits of compensation where the injury sustained was inflicted in a service not rendered in the performance of any official duty, and relies on *Markham v. Town of Middletown*, 102 Conn. 571, 44 A. L. R. 1475. This, and other cases cited, is easily distinguished from the case under consideration. Markham, a tree surgeon, was appointed tree warden of the town of Middletown, and was injured while trimming trees, not in official supervisory duties, but while performing manual labor with the consent and approval of the selectmen, a body having power to contract with him for such work. He was injured while performing labor for the municipality under a contract of employment with the duly authorized representatives of the town.

If such a condition were reflected by the evidence in this case, then appellant's right of recovery would be clear. But the facts in this case will not sustain a recovery under the rule announced in the *Markham* and other cases cited by appellant. To sustain a recovery for the appellant, we must find from the evidence that he was an employee of the township under contract of hire, express or implied. The evidence will not sustain such a finding. From the record, the action of the appellant and the town board shows conclusively that the appellant was not employed by the township, which excludes him from recovery under our statute. The judgment of the district court is right and is AFFIRMED.