ARNOLD VANDENBURG, APPELLANT, v. CENTER TOWNSHIP, APPELLEE.

FILED MAY 5, 1933. No. 28305.

*Coufal & Shaw* and *Ray E. Sabata*, for appellant.

*A. V. Thomas* and *Thomas & Vail*, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and MESSMORE, District Judge.

DAY, J.

This is a compensation case which has received much attention from this court. An opinion was filed July 12,

1932, which affirmed the judgment of the district court. See *Vandenburg v. Center Township*, 123 Neb. 544, for the nature of the controversy. Upon rehearing, this court reversed its previous decision and awarded compensation to plaintiff (opinion withdrawn). The case is now before the court upon a motion for rehearing. After three oral arguments, this court recognizes that it is a close question, difficult to decide satisfactorily.

Many questions have been discussed orally before the court and in the briefs, but the sole determining factor in this case is the existence of a contract of employment between the plaintiff and the defendant, Center Township, at the time of plaintiff's injury. Directing our attention to this controlling issue, we conclude that there was no contract of employment between the parties at the time of the accident. The plaintiff was a member of the township board. He relies upon a conversation which he testifies took place between the members of the board as they left the building in which a board meeting was held. According to his testimony, he was asked who would blast stumps necessary to permit road work, and he replied he would if the other members would help him. Mr. Zegers, another member of the board, testified that he was not present at that conversation, did not take part in it, and did not hear it, although he stated that the three of them gathered on the doorstep after the meeting. Another member of the board, named Semin, admitted that there was at this time and place some conversation relative to the work. But, considered in the light of the surrounding circumstances, this evidence is not sufficient to establish a contract of employment. There is no doubt that the members of this township board thought that the blasting of stumps, the moving of fences, the cutting down of trees, surveying and maintenance of roads were duties devolving upon them as officers of the township. They had glorified in their own minds menial acts of labor as official acts and duties. It is true that this was a mistaken notion and that their idea did not change the

law relating to official duties of township officers. But an express contract requires the mutual meeting of the minds and an intention to contract and is established by proof of the intention. *Wojahn v. National Union Bank,* 144 Wis. 646; *Thompson Yards v. Haakinson & Beaty Co.,* 209 Ia. 985. It is argued that the fact that plaintiff did blast stumps thereafter corroborates the facts by which it is sought to establish a contract of employment. But every such contention is met by uncontradicted proof that there was no intention on the part of any member of the board and especially on the part of Vandenburg to contract as an employee. It was his intention to perform these services as an official and not as an employee. He was not subject to the direction of any one representing the township. He was the supervising power, and he performed these services when and where and how, according to his official determination. The only conclusion to be drawn from the evidence' is that the members divided these duties among themselves and that they did not contract with the plaintiff as an employee.

The judgment of the trial court is

AFFIRMED.

ROSE and GOOD, JJ., dissent.