ARTHUR ROBERTS, Appellant, v. CITY OF COLFAX et al., Appellees.

No. 42761.

APRIL 2, 1935.

Clarkson & Perry, for appellant.

Edward L. O'Connor, Attorney-general, and Harry Garrett, Assistant Attorney-general, for the State.

Forrest M. Holdefer, City Solicitor, and Cross & Hamill, for appellee City of Colfax.

DONEGAN, J.—On the evening of May 29, 1932, Arthur Roberts was the night marshal of the city of Colfax, and, while engaged in cleaning up the floor in the city jail, a revolver which he was carrying fell from his pocket and was discharged, the bullet striking him in the eye and causing the loss thereof. In June, 1933, Roberts filed a petition with the Industrial Commissioner asking that he be allowed compensation in accordance with the terms and provisions of the Workmen's Compensation Act. To this petition the city of Colfax and the state of Iowa filed separate answers, in which they admitted that the city of Colfax was a municipal corporation, that on May 29, 1932, Roberts was the night marshal of said city, and that he had sustained a permanent partial disability consisting of the loss of his right eye, but denied all other allegations of said petition. Hearing was had before the Deputy Industrial Commissioner and on August 21, 1933, he entered his decision finding that the claimant was entitled to recover compensation from the state of Iowa, but dismissed the claim as to the defendant, city of Colfax, "for the reason that as deputy marshal of the City of Colfax, the claimant was an excluded official within the meaning of the statute." From this decision both the state of Iowa and the claimant, Roberts, petitioned for a review by the Industrial Commissioner. Upon the hearing on review the Industrial Commissioner found that the claimant was serving the city of Colfax in the capacity of deputy marshal on May 29, 1932; that, on the evening of that day, he lost an eye by an accidental discharge of his revolver; that on the review hearing it was conceded by counsel for claimant that, in no event, could the employer of claimant be held, and that this seemed self-evident in view of the fact that the claimant is barred under section 1421 from the relief as an official appointed by the city. The decision specifically found that: "1. Claimant sustained the loss of his right

eye because of peril or hazard peculiar to the work of his office. 2. At the time of the accidental discharge of his gun, claimant was in the line of duty." And it was ordered that: "The arbitration decision in award against the State of Iowa is hereby affirmed."

From this decision of the Industrial Commissioner both the claimant, Roberts, and the defendant, state of Iowa, appealed to the district court of Jasper county. After the transcript of the proceedings before the Industrial Commissioner had been filed with the clerk of the district court, the defendant, state of Iowa, filed an amendment to its answer, in which it alleged that the claimant was not entitled to any relief against it, for the reason that it had no knowledge of the injury sustained by claimant and no notice of such injury was served on it until long after the period of 90 days after the injury had expired, and asked that the petition of the claimant be dismissed. To this amendment to answer the claimant filed a motion to strike on the ground, among others, that the question of notice was not raised in the hearings before the Industrial Commissioner or deputy, and that the court was without jurisdiction to hear or pass upon it on appeal. Hearing was had on the appeal and the district court entered its ruling and judgment in which it sustained the claimant's motion to strike the amendment to answer of the defendant, state of Iowa, reversed the decision and findings of the Industrial Commissioner, and taxed one-half of the costs to the claimant and one-half to the state of Iowa. From the ruling and judgment of the district court, both the claimant and the defendant, state of Iowa, appeal. The claimant, Roberts, will hereafter be referred to as appellant, and the defendants, city of Colfax and state of Iowa, will be referred to as appellees.

The appellant claims error in the order and judgment of the district court chiefly because it held that claimant, as a peace officer, was not in the performance of official duties for which he would be entitled to compensation under section 1422 of the Code of 1931; and also because such ruling and judgment, after finding claimant could not receive compensation for injuries sustained as a peace officer, should have awarded him compensation as an employee of the city of Colfax. The defendant, state of Iowa, appeals from the portion of the order and judgment of the district court which sustained the claimant's motion to strike its amendment to answer. The conclusion which we reach upon claimant's appeal makes it un-

necessary for us to consider the ground of the appeal presented by the appellee, state of Iowa.

Section 1422, Code of 1931, is as follows:

" * * * Any policeman (except those pensioned under the policemen's pension fund created by law), any sheriff, marshal, constable, and any and all of their deputies, and any and all other such legally appointed or elected law-enforcing officers, who shall, while in line of duty or from causes arising out of or sustained while in the course of their official employment, meaning while in the act of making or attempting to make an arrest or giving pursuit, or while performing such official duties where there is peril or hazard peculiar to the work of their office, be killed outright, or become temporarily or permanently physically disabled, or if said disability result in death, shall be entitled to compensation, the same to be paid out of the general funds of the state for all such injuries or disability."

Appellant contends that, under the provisions of this statute, the injuries received by him are such as entitle him to compensation. This statute was not a part of the Workmen's Compensation Act as originally enacted. Under the provisions of the Workmen's Compensation Act, as originally enacted, it was provided that an official elected or appointed by a municipal corporation was not a "workman" or an "employee" within the meaning of the statute, and was not entitled to compensation. Section 17(b), chapter 147, Acts of the Thirty-fifth General Assembly. Section 1421, paragraph 3, Code of 1931, now provides:

"The following persons shall not be deemed 'workmen' or 'employees': * * * d. * * * an official elected or appointed by the state, county, school district, municipal corporation, city under special charter or commission form of government."

As originally enacted, therefore, the Workmen's Compensation Act contained no provision for compensation of a peace officer or other official of a city or town. In order that such officers might be compensated under certain conditions, the Fortieth General Assembly enacted the provisions for the compensation of peace officers set out above which are now found in section 1422, Code of 1931. It will be noted that this section does not provide for compensation for peace officers for injuries received under any and all circum-

stances, but expressly limits the right to compensation to cases where injuries are sustained by peace officers "while in line of duty or from causes arising out of or sustained while in the course of their official employment, *meaning while in the act of making or attempting to make an arrest or giving pursuit, or while performing such official duties where there is peril or hazard peculiar to the work of their office,* * * *." (Italics are ours.)

It is undisputed that the injury for which claimant asked compensation in this case was not sustained "while in the act of making or attempting to make an arrest or giving pursuit." If claimant is to be compensated it must be because his injury was received "while performing such official duties where there is peril or hazard peculiar to the work of their [his] office."

Appellant contends that the injury received by him is the result of a hazard peculiar to the work of his office, because the injury resulted from his compliance with the custom and duty of peace officers to carry firearms, and that in this there was a peril or hazard peculiar to his office. While there may be some hazard in the carrying of firearms such as peace officers ordinarily carry, we do not think this was the "peril or hazard peculiar to the work of their office" that the legislature had in mind in making provision for the compensation of peace officers. It is quite apparent from the history of this provision and from the express statements of the statute itself that it was not intended to compensate peace officers for all injuries that might be suffered by them while performing official duties. The legislature itself expressly confined the application of the statute to injuries sustained in three classes of cases: First, while making or attempting to make an arrest; second, while giving pursuit; and third, while performing official duties where there is peril or hazard peculiar to the work of their (peace officers') office. There are many acts which a peace officer may be called upon to perform, other than making or attempting to make an arrest, or pursuing a criminal, to which peril and hazard are naturally attached. Thus, a peace officer might be injured or killed in trying to prevent an escape, as well as in making or attempting to make an arrest or pursue a criminal, and it seems quite apparent that in performing this duty there is a peril or hazard peculiar to the work of his office. But to say that the cleaning of the floor in the city jail was an official act in which there was a peril or hazard peculiar to the work of a night marshal would be, in our opinion, an absurd

construction of the statute. We think the trial court was correct in holding that the claimant was not injured while in the performance of official duties to which peril or hazard was peculiar, and that he was, therefore, not entitled to compensation from the state of Iowa.

Appellant insists, however, that, if he was not entitled to compensation as a peace officer, he should have been allowed compensation as an employee of the city of Colfax. The only theory upon which such compensation could be allowed would be that appellant was an employee instead of an official of the city. The evidence showed that the office of night marshal was one provided for by ordinances of the city of Colfax, that the appointment of appellant was made by the mayor of the city, as provided by such ordinances, and that, before assuming his duties, the appellant was required to and did qualify by taking an oath of office and giving a bond. That he was an officer and not an employee seems to us to be fully sustained by the decisions in Hop v. Brink, 205 Iowa 74, loc. cit. 81, 82, 217 N. W. 551; United States v. Maurice, 2 Brock. 96, at pages 102, 103, Fed. Case No. 15,747; People ex rel. Throop v. Langdon, 40 Mich. 673; Blynn v. City of Pontiac, 185 Mich. 35, 151 N. W. 681; Suverkrubbe v. City of Fort Calhoun, 127 Neb. 472, 256 N. W. 47; Vandenburg v. Center Township, 124 Neb. 790, 248 N. W. 310.

In his decision the Deputy Industrial Commissioner dismissed the claim as against the defendant, city of Colfax, "for the reason that as deputy marshal of the City of Colfax, the claimant was an excluded official within the meaning of the statute," and in his decision on review the Industrial Commissioner used the following language:

"At the review hearing it was conceded by counsel for claimant that in no event could the employer be held. This seems to be self-evident in view of the fact that claimant is barred under section 1421 from relief as an official appointed by the city."

The evidence before these officials was certainly such that they could have found therefrom that the claimant was not an employee, but that he was an official of the city of Colfax, and their decisions as to matters of fact cannot be disturbed upon appeal. In fact, we are unable to see how, under the evidence in this case, any other decision could be reached. The appellant himself grounds practically all his brief and argument upon the theory that he was a peace officer. As such peace officer, we have already seen that he was not

entitled to compensation because his injury was not sustained while in the performance of duties of his office to which peril or hazard was peculiar. It does not at all follow that, because the act in which he was engaged was not such as is compensable under section 1422, it is, therefore, compensable as a duty performed by him as an employee of the city.

We find no reason to disturb the judgment and order of the district court, and it is, therefore, affirmed.—Affirmed.

ANDERSON, C. J., and all Justices concur.