ADELBERT CLOUGH *v.* ESTATE OF EDWARD MALLEY ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued February 7—decided February 23, 1940.

*George E. Beers,* with whom was *Edward S. Snyder,* for the appellant (plaintiff).

*William L. Hadden,* with whom, on the brief, were *Daniel Pouzzner* and *Clarence A. Hadden,* for the appellees (defendants).

JENNINGS, J.   The plaintiff contracted with the estate of Edward Malley, hereinafter called the defendant, to weather strip a house and to do other work, and was injured.   The question to be decided is whether the plaintiff at the time he was injured was working as an employee or an independent contractor.

The finding, with such changes as the plaintiff is entitled to, discloses the following facts:   The plaintiff was a carpenter and also installed weather stripping. He entered into a written contract with the defendant to weather strip certain premises owned by it and started work thereunder.   As to this work, he was an independent contractor.   He soon found that certain window cords needed replacement and, on communicating with the representative of the defendant, was instructed to install new window cords wherever necessary.   For this work he was to be paid seventy-five

cents an hour, the cord to be furnished by the defendant. The original contract required that all old weather stripping should be removed before the new weather stripping was applied but this requirement was not complied with in all instances. While removing some old weather stripping from a window in which new cord was to be installed, the plaintiff cut his finger, resulting in a seventy-five per cent loss of use. The commissioner dismissed the claim for compensation on the ground that the injury did not arise out of and in the course of the employment of the plaintiff by the defendant. This decision was affirmed by the Superior Court on appeal.

The plaintiff does not dispute the finding that he was an independent contractor in regard to the work done under the written contract for weather stripping. He insists, however, that in replacing window cords at seventy-five cents an hour he was an employee and that, under the finding, he is entitled to compensation as such. In the view we take of the case, it is unnecessary to consider this latter contention.

Under the facts found, the proper procedure for repairing each window is perfectly plain. The plaintiff should first remove all of the old weather stripping, then renew the cord if necessary and finally apply the new weather strips. This was the procedure he had started when he was injured. He had partially removed the old strips when he was hurt. He had not begun to work on changing the cord. The work upon which he was then engaged would have had to be done whether he intended to change the cord or not. For the work required by the contract he was entitled to no compensation other than that provided in it; his right to extra compensation would begin only when he departed from the work so required. Until that time he was working under the special contract and not

under the general employment. Therefore his injury was incurred while he was working as an independent contractor under his written contract.

A person may be a contractor as to part of his service and a servant as to another part. 1 Sherman & Redfield, Negligence (6th Ed.) § 165. If the character of the work is such that a part of it can be said to relate to work as a contractor and a part of it to work as a servant, the question of compensability is determined by the particular relationship existing at the time the injury was suffered. This principle is illustrated by the following cases, although in all it was found that the claimant was injured while working as a servant. *Markham* v. *Middletown,* 102 Conn. 571, 129 Atl. 524; *Swart* v. *Justh,* 24 App. D. C. 596; *Matter of Powley* v. *Vivian & Co., Inc.,* 169 App. Div. 170, 154 N. Y. S. 426.

The plaintiff was working as an independent contractor when he was injured and the dismissal of the appeal was correct.

There is no error.

In this opinion the other judges concurred.