JOHN FRANCIS O'BRIEN, PETITIONER-APPELLEE, v. WASHINGTON NATIONAL INSURANCE COMPANY, RESPONDENT-APPELLANT.

Hudson County Court
Law Division

Decided January 23, 1952.

*Mr. James A. McTague,* attorney for petitioner-appellee.

*Messrs. McCarter, English & Studer,* attorneys for respondent-appellant (*Mr. Verling C. Enteman,* of counsel).

DREWEN, J. C. C. Upon completion of petitioner's case in the Bureau, respondent moved to dismiss on the ground that at the time of the claimed accident petitioner's status was not that of an employee within the meaning of *R. S.* 34:15–36, but that of an independent contractor. The motion was denied and the jurisdictional question is here on appeal.

As shown by the record, the relation between the parties is expressed by the following facts and circumstances: Petitioner rendered two kinds of service to the company. One was the selling of insurance throughout the State of New Jersey, in connection with which petitioner attended meetings arranged by the company whereat instructions were given on different aspects of that endeavor. Petitioner's compensation for this part of his service was variable and calculated upon the basis of total premiums derived from the new business concluded by him, subject to reduction or refund based upon so much of the new business as, under stipulated circumstances, terminated in lapse. The other kind of service rendered was the collection of premiums from policyholders of the company included in an area called a "debit," comprising the Greenville, Lafayette and Marion sections of Jersey City. For this, petitioner's compensation was a fixed percentage of premiums collected.

He reported to the company office on Tuesday, Thursday, Friday and sometimes also on Saturday, of each week. He and others received instructions from one of the company personnel referred to as a "superior" and who from time to time, as petitioner states, "went out with us on an inspection of our collection books." On Tuesdays he turned in his premium and other receipts for the preceding weekend and also attended a sales meeting. On Thursdays he turned in his "full account" from his collection books. On Fridays he came to the office to be paid. I quote from petitioner's testimony: "Q. Did they tell you where to go and who to go to to collect the premiums? A. Yes, when I was broken in on the job, in my training period, they showed me everything of which I was supposed to do and who I was supposed to call on." Petitioner was free to work as many or as few days in a week as he wished, but he adds, "they want you out there every day." Collections might be made by day or night, but the company "preferred to have you out on the street eight o'clock in the morning." With respect to the "superior" and the extent of his control, petitioner states

"when he advised you, you took it as an order, being he was your superior."

It was during the collection of premiums on the debit, it should be remembered, that the alleged accident occurred.

Questions similar to that now presented have been repeatedly before the Bureau and the appellate courts. The decisions, however, are *sui·generis* and what help they give derives more from enunciated principles than from comparability of facts. In *Wadge v. Crestwood Acres, Inc.,* 20 *N. J. Misc.* 188, affirmed 128 *N. J. L.* 551 (*Sup. Ct.* 1942), affirmed 129 *N. J. L.* 400 (*E. & A.* 1943), the familiar test is reiterated that where the employer retains the right to dictate the manner in which the task should be performed, the relation of master and servant exists. In *Lewis v. National Cash Register Co.,* 84 *N. J. L.* 598 (*Sup. Ct.* 1913), while the decision is not one in workmen's compensation, the court, in finding one Kaler not to be an independent contractor, was not influenced by the circumstance that for his services as salesman he was paid by commission. In *Errickson v. Schwiers Co.,* 108 *N. J. L.* 481 (*E. & A.* 1932), at *page* 483, the court said:

"An independent contractor is one who, carrying on an independent business, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer as to the means by which the result is to be accomplished, but only as to the result of the work. The relation of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or in other words, not only what shall be done, but how it shall be done. * * * It will be seen, therefore, that the ultimate question in this case is, who had control of the operation."

The foregoing is cited with approval by the Supreme Court in *Cappadonna v. Passaic Motors, Inc.,* 136 *N. J. L.* 299 (*Sup. Ct.* 1947), affirmed 137 *N. J. L.* 661 (*E. & A.* 1948).

Two other decisions with elements pertinent to the question are *Crawford v. Newark Star Pub. Co.,* 15 *N. J. Misc.* 77 (*Sup. Ct.* 1936) and *El v. Newark Star Ledger,* 21 *N. J.*

*Misc.* 57 (*Com. Pl.* 1943), affirmed 131 *N. J. L.* 373 (*Sup. Ct.* 1944). The *Crawford* case, though the specific defense of independent contractor was not there raised, implies clear support of petitioner on this issue. In the other case, *El v. Newark Star Ledger*, the petitioner, a 12-year-old school boy, daily delivered the company's newspaper to a fixed number of subscribers. His compensation was the difference between the wholesale and retail price of the papers. Petitioner could and did solicit new customers outside of his territory for which he received added compensation, even though such customers were thereafter served by another "route man" in whose zone such customers lived. The Supreme Court said, at *p.* 379:

"* * * save as to petitioner's 'discretion' as to the 'mode or manner' in which he was to 'reach his readers' and 'transport his papers,' prosecutor exercised complete control over petitioner although such control is characterized as action by prosecutor's 'agent' in an 'advisory capacity,' or as action by prosecutor in the role as 'agent' for petitioner."

The above provisions were part of a contract challenged as to its formal validity by petitioner. The Supreme Court, however, found it unnecessary to pass on this question of validity and considered the paramount question to be the factual relation between the parties. Accordingly, it determined that petitioner was a servant and not an independent contractor.

Respondent, with a single unimportant exception, cites no New Jersey authorities but relies on decisions in other jurisdictions throughout the country. All of these have been examined. Most of them are not comparable to the situation here submitted. In the others there are factual contrasts and judicial observations which I regard as militating not for but against respondent's contention. In *Income Life Insurance Co. v. Mitchell,* 79 *S. W. 2d* 572 (*Tenn.* 1935) the court said, at *p.* 574: "The method of payment is not conclusive. * * * The right to discharge, or the absence of such right is a circumstance of much importance." And at *p.* 575: "The company exercised no supervision and gave no direc-

tion as to whom to see or where to be seen, how to be urged or induced." In *Christean v. Industrial Commission*, 196 *P.* 2d 502 (*Utah* 1948) the court said, at *p.* 505: "An agent can be an employee for a limited purpose and an independent contractor for other purposes." And at *p.* 510: "In relationships such as here involved, there is a fine line of distinction between those cases catalogued in one class and those in another, and one element alone may be the controlling fact." The opinion carefully examines the case of *Chatelain v. Thackeray*, 100 *P.* 2d 191 (*Utah* 1940) and concerning it says at p. 511: "The court, although recognizing a difference between an agent and a servant, held the difference to be academic, and found Thackeray to be both an agent and employee."

In *Clough v. Malley's Estate,* 11 *A.* 2d 398 (*Conn.* 1940) the court held that the question of compensability is determined by the particular relation existing at the time the injury was suffered. As to this see also *Manock v. Amos D. Bridge's Sons,* 164 *A.* 211 (*N. H.* 1933). In the present case there is no dispute that petitioner's accident occurred while he was engaged in the making of debit collections.

It is my judgment that under the declared principles and the clear preponderance of decision the facts here are instinct with a reservation of authority in respondent to supervise and control the method and means of petitioner's performance. I find this authority to be such as to prevent that degree of functional freedom in petitioner which is the identifying characteristic of the status of an independent contractor. It is my opinion that the case in hand is neither difficult nor doubtful, but conceding for the purposes of exposition that it is both, its decision in that event is affected by the over-arching principle so often declared that the Workmen's Compensation Act must be "construed liberally * * * is remedial and beneficent in its scope and intention." *Bollinger v. Wagaraw Bldg. Supply Co.,* 122 *N. J. L.* 512, at *p.* 521 (*E. & A.* 1939). I conclude that petitioner was at the time of the claimed accident respondent's servant and employee.

Respondent makes a further point that the deputy commissioner erred in admitting proof that respondent made deductions from petitioner's compensation, for unemployment insurance, social security and old age benefits. Though it has in no way influenced the conclusion I have reached, such proof, in the absence of other explanation, would constitute some evidence of intent, and in determining the relationship that existed I do not see how we can rightly exclude such intent as may be shown to have actuated the parties themselves with respect to that relation. See also *Cappadonna v. Passaic Motors, Inc., supra* (*p.* 301), wherein the court regarded the matter of such deductions sufficiently relevant to take particular notice of their absence. In *Shields v. William Freihofer Baking Co.*, 24 *A.* 2d 54 (*Pa.* 1942) the court likewise regarded as a factor in its decision, though not determinative, the circumstance that the workman had no social security number and was not carried on the company's books as an employee. It is my view that the proof complained of was not erroneously admitted.

The claim is remanded to the Bureau for further proceedings in accordance with the foregoing.