CHARLES HENNING, APPELLEE, V. CITY OF HEBRON, A MUNICIPAL CORPORATION, ET AL., APPELLANTS, IMPLEADED WITH COUNTY OF THAYER, A BODY CORPORATE AND POLITIC, ET AL., APPELLEES.

183 N. W. 2d 756

Filed January 29, 1971. No. 37706.

John A. Wagoner of Wagoner & Grimminger, for appellants.

Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellee Henning.

Baylor, Evnen, Baylor, Curtiss & Grimit, for appellees County of Thayer et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is a workmen's compensation case. The plaintiff, city police chief of Hebron, Nebraska, was injured

while assisting the county sheriff in the arrest and incarceration of two fleeing robbers. The compensation carrier for the city asserts that the police chief was acting under the sheriff's control and direction and was, therefore, an employee of the county and that the county compensation carrier is liable for the judgment herein. The Workmen's Compensation Court and the district court held that the plaintiff was an employee of the City of Hebron and awarded judgment accordingly. We affirm.

Only the facts necessary for a determination of the issue involved herein will be recited. Two armed robbers were fugitives from justice. The sheriff of Thayer County, Nebraska, first gave chase to the robbers about ½ mile north of the City of Hebron. The chase proceeded through Hebron on U. S. Highway No. 81 at a speed of 100 to 110 miles per hour. The sheriff caught them about 1 mile south of Hebron. When the sheriff apprehended the two robbers he immediately called his wife to put in a call for help in taking them into custody. The plaintiff is the police chief of the City of Hebron and at the time of the call from the sheriff answered him directly. The plaintiff took the city police car, went immediately to the scene of the arrest, was in a city police uniform at the time, and, during the process of taking the two robbers into custody, was shot and injured. The sheriff testified that his purpose in calling the chief of police was to secure assistance in taking the prisoners to jail and to make an effective arrest and confinement of the two apprehended fugitive robbers. At the time of the chase and the arrest, law enforcement officers, including the sheriff of Clay County, the sheriff of Nuckolls County, the Jefferson County deputy sheriff, the Fillmore County deputy sheriff, the chief of police of the City of Geneva, and three state troopers were converging on the scene of the chase and the arrest.

Using analogies to private employment situations and

the authorities permitting compensation for private persons acting in assistance to law enforcement officers, the appellant, St. Paul Insurance Companies for the City of Hebron, Nebraska, argues quite forcefully that the chief of police at the time of the shooting during the process of arrest was actually an employee of the county and that the appellee Hawkeye Security Insurance Companies should either pay the compensation award or share it proportionately with the city.

The argument made by the appellant overlooks the commands of the specific statutes that govern and control the decision in this case. The police chief of the City of Hebron had the power to arrest all offenders in the same manner as did the sheriff of Thayer County. As a city police chief he had the same powers and the same *duties* of a constable in the making of an *arrest* and in the *preservation* of the peace. This duty is specifically defined in section 29-204, R. R. S. 1943, which provides that it was the duty of the chief of police to apprehend and to bring to justice felons and disturbers of the peace and *"to keep and preserve the peace within their respective counties."* Such officers have the power and duty to execute all proper writs and processes in criminal cases throughout the county in which they reside, and the sheriff of a county has the power to summon all other law enforcement officers in the county to his aid. The specific provisions authorizing and requiring the performance of these duties by the police chief of the City of Hebron are contained in sections 17-118, 23-1704, 29-204, and 29-206, R. R. S. 1943.

By appropriate ordinances of the municipal code of the City of Hebron the powers and duties of the chief of police were generally delegated and imposed. The police chief was entitled to arrest all offenders against the laws of the state or of the city "in the manner as a sheriff or a constable" and the ordinances specifically provided that he "shall have the same power as a sheriff and constable in relation to all criminal matters and

to a process issued by the police magistrate." The ordinances of the city further provided that the police chief shall have the power to arrest any person for violation of any ordinances of the city, or *laws* of the State of Nebraska, and *to take into custody any person* arrested by any other officer of the city or *state*. It therefore is incontestable that the chief of police in this case was operating within the scope of his official employment and that he was performing his statutory duties at the time and place of the arrest south of the City of Hebron when assisting the sheriff in apprehending and taking into custody the two fugitive robbers. The city compensation carrier, therefore, became liable and the contention of the appellant St. Paul Insurance Companies is without merit.

The argument by way of analogy to the decisions permitting compensation to a private person assisting law enforcement officers in the execution of the criminal statutes is not applicable. The chief of police was not operating as a private citizen at the time, but was performing his duties clearly within the command of the applicable statutes and was acting as a public official under the powers and duties delegated to him by the laws of the State of Nebraska and the ordinances of the City of Hebron. The joint employee and pro rata provisions of section 48-129, R. R. S. 1943, are not applicable. There was no provision, agreement, or intention on the part of the county to pay the salary, wages, or fix the terms or hours of employment or service of the city police chief. The only intention that can be gathered from this record is that the sheriff of Thayer County called upon the chief of police to perform his duties required and authorized by the statutes. In the absence of any showing that there was any joint arrangement as to salary, wages, hours of employment, or term of service, there cannot be any joint employment of the chief of police within the meaning of the applicable statute, section 48-129, R. R. S. 1943. Suver-

kubbe v. Village of Fort Calhoun, 127 Neb. 472, 256 N. W. 47.

The contentions of the appellant St. Paul Insurance Companies are without merit, and the judgments of the compensation court and the district court herein are affirmed.

AFFIRMED.