# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2459

_____

Peggy A. Davis; Pamela R. Nelsen,     *
                           *
            Appellants,    *
                           *
       v.                    *    Appeal from the United States
                           *    District Court for the District
Village of Decatur, a Political    *    of Nebraska.
Subdivision; Lance Anderson,    *
Individually; Sharon Huffman,    *        [UNPUBLISHED]
Individually; Howard Storm,    *
Individually,                 *
                           *
           Appellees.    *

_____

Submitted: January 13, 2003

Filed: January 23, 2003

_____

Before LOKEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Peggy A. Davis served as Village Clerk for the Village of Decatur (the Village) from 1978 until the Board of Trustees (Board) voted not to reappoint her in February 1999. Pamela R. Nelsen served as Deputy Clerk from 1979 until she also was terminated in February 1999. After the Board denied their requests for grievance hearings, Davis and Nelsen sued the Village and the trustees individually, claiming

loss of a property right without due process in violation of 42 U.S.C. § 1983 (2000). The district court[*] granted summary judgment in favor of the Village and the trustees on Davis's claim. Because Nelsen did not hold an appointed position, the district court did not grant the Village summary judgment against Nelsen. Davis appealed prematurely, and the appeal was dismissed for lack of jurisdiction because Nelsen's claim remained pending. Davis v. Village of Decatur, No. 01-1437, 2001 WL 1269958 (8th Cir. Oct. 24, 2001). After the appeal was dismissed, Nelsen moved for summary judgment. Another judge[**] denied Nelsen's motion for summary judgment and granted summary judgment to the Village against Nelsen. Davis and Nelsen now appeal. Having reviewed the record and the briefs de novo and considered the facts and all reasonable inferences that can be drawn from them in the light most favorable to Davis and Nelsen, we affirm. See Booker v. City of St. Louis, 309 F.3d 464, 467 (8th Cir. 2002).

We reject Davis's contention that she was hired, not appointed, because under Nebraska law, Village Clerk positions are appointments that automatically expire each year. See Neb. Rev. Stat. Ann. § 17-208 (Michie 1995); Suverkrubbe v. Village of Fort Calhoun, 256 N.W. 47, 48-49 (Neb. 1934). In addition, the Board voted annually to reappoint Davis from 1995-1999. We also reject Davis's contention that she was conferred property rights to her position by the Village of Decatur Personnel Policies and Procedures Manual, 1990 (the Manual). The Manual specifically states it does not apply to appointed positions. Accordingly, Davis had no legitimate claim of entitlement to continued employment and no protectable property interest in her position. Tautfest v. City of Lincoln, 742 F.2d 477, 480 (8th Cir. 1984). Because Davis did not have a protectable property interest in her position, she cannot state a

---

[*]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

[**]The Honorable Kathleen Jaudzemis, United States Magistrate Judge for the District of Nebraska, sitting by consent of the parties under 28 U.S.C. § 636(c).

claim for deprivation of due process. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985).

We agree with the district court that Nelsen was an at-will employee. Although state law does not specify that Nelsen's position as Deputy Clerk is an annual appointed position, the Decatur Municipal Code § 1-201 provided that the Village Board of Trustees may appoint whatever other officials the Board deems necessary, and the appointed officials serve at the pleasure of the Board. Nelsen's final one-year appointment expired on January 9, 1999. Because Nelsen chose to remain at her job after the expiration of her contract for employment, she became an at-will employee. Johnston v. Panhandle Coop. Ass'n, 408 N.W.2d 261, 266 (Neb. 1987). In Nebraska, at-will employees may be discharged at any time unless there is a constitutional, statutory, or contractual reason prohibiting discharge. Malone v. Am. Bus. Info., 634 N.W.2d 788, 790 (Neb. 2001).

Nelsen argues the Manual conferred a protectable property interest on her and required that she receive due process procedural protections upon discharge. We disagree. Because the Manual was not a sufficiently definite offer to change the status of Nelsen's at-will employment, the Manual did not create a contractual limitation on the Board's ability to discharge Nelsen. Walpus v. Milwaukee Elec. Tool Corp., 532 N.W.2d 316, 322-23 (Neb. 1995). Likewise, Nelsen had no right to procedural due process in the form of a grievance hearing. Although granting Nelsen and Davis a grievance hearing as requested might have eliminated the need for this protracted litigation, Nelsen had no procedural due process right to a grievance hearing because she lacked a property interest in continued employment. Tautfest, 742 F.2d at 480.

Davis and Nelsen do not challenge the district court's decision that the trustees are absolutely immune from suit for their legislative acts. See Bogan v. Scott-Harris,

523 U.S. 44, 49 (1998).  Thus, we need not address the issue.  <u>Gunn v. United States Dep't of Agriculture</u>, 118 F.3d 1233, 1239 n.5 (8th Cir. 1997).

We affirm the district court's grants of summary judgment.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.